W. S. YEARWOOD, trading and doing business as Yearwood Broom Works, *Appellant*, vs. L. W. WELCH, *Appellee*.

144 So. 308.

Division B.

Opinion filed October 22, 1932.

*D. O. Rogers*, for Appellant;

*Oxford & Cutts*, for Appellee.

WHITFIELD, P.J.—This is a suit to foreclose as a mortgage a written instrument designated a "Bill of Sale and Contract" respecting a sale of property described as "Broom Works now located in the town of Ft. Meade, Fla., on premises leased from Charleston S. C. Mfg. Co." The instrument contains the following:

"The above described broom works consists of one foot and power broom winder, one Lip & Walrath Sewing Machine, one broom clipper, one broom scraper, one electric motor, together shafting, belts, etc., one hand sewing machine for brooms.

It is agreed that the above described broom machines shall not be moved from where now located without first paying all moneys owing by party of the second part to party of the first part.

It is further agreed that all of the above described broom machines stand good for said balance due by party of the second part to party of the first part, namely, the sum of four hundred dollars and payable within twelve months from day and date above written and should, at the end of said twelve months said sum is not paid then and in that event said above described broom machines shall divert back to said party of the first part.''

An appeal was taken from a final decree for the complainant.

Under the statute all ''instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money * shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.'' Section 5724 (3836) C. G. L.

The quotations from the ''instrument of writing,'' show a purpose and intention to secure the payment of money, therefore foreclosure as a mortgage was appropriate at the election of the ''party of the first part.'' Malone v. Meres, 91 Fla. 709, text 714, 109 So. 677.

In the final decree it is stated that ''it further appearing to the court from the testimony and proofs introduced before the court, in pursuance of order granted by the court, providing for an oral hearing, which testimony and proofs have been reduced to writing and filed as a part of the record herein, that the allegations contained in the bill of complaint are true, and that there is due to the complainant by the defendant the following sums,'' etc.

The ''testimony and proofs introduced before the

court'' are not included in the transcript, therefore error predicated on the lack of evidence to sustain the decree is not shown.

Neither the ''instrument of writing'' nor the statute provides for attorney fees and the award of attorney fees should be eliminated from the final decree.

The decree appealed from shall be modified upon a remand of the cause by elimination therefrom of the attorney fees awarded, and as so modified the decree will stand affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.