**FRANK E. RUTIG and BRUCE WEBSTER v. LAKE JEM LAND CO.,** a corporation.

20 So. (2nd) 497                                    January Term, 1945
January 12, 1945                                         Division B

*Giles J. Patterson* and *Walter Warren,* for appellants.

*Andrews, Lavin & Patterson* and *Charles O. Andrews, Jr.,* for appellee.

SEBRING, J.:

On consideration of petition for rehearing we are impelled to modify our opinion filed here on December 19, 1944. Therefore our said opinion and judgment thereon is now vacated and withdrawn and in lieu thereof the following opinion and judgment is adopted and filed. Otherwise the petition for rehearing is denied.

The appellants brought suit against the appellee in the court below to recover damages for the alleged breaches of a written lease and of an oral contract to perform certain services for the plaintiffs. Demurrer was sustained to the declaration. The plaintiffs declined to amend the declaration, and final judgment was entered in favor of the defendant. This appeal is from the judgment.

The declaration is in three counts. The first count declares upon the written lease and the subsequent oral contract; the second declares upon the written lease alone; the third declares only upon the oral agreement. Each count claims $50,000.00 damages. For sake of clarity we shall confine ourselves only to the second and the third counts, for in combination they contain all essential allegations appearing in the first count. The substance of the second count is that defendant corporation leased eighty acres of land to plaintiffs for a one-year term from July 1, 1943, to be used by plaintiffs "exclusively for the production of agricultural commodities;" the plaintiffs obligating themselves to begin cultivation of the lands within thirty days after execution of the lease, under penalty of forfeiture for failure so to do. The defendant

corporation by its lease covenanted "to provide ingress and egress to the property leased" and "to grade a road along the main canal for that purpose;" the lessees agreeing not to trespass upon other lands. The property was leased by plaintiffs for the purpose of planting cabbages thereon on or about September 1, 1943, of which purpose defendant had knowledge. Defendant lessor failed to provide a means of ingress and egress until about October 9, 1943, and as a result plaintiffs were prevented from getting on any of the lands until said date. On that date plaintiffs planted forty acres of the leased lands in cabbages. Plaintiffs did not plant the remaining forty acres because the breach of covenant by defendant "caused a further delay of such length of time that it was utterly unsafe to plant cabbage upon the other half of the leased property at such late season because of cold weather." The cabbages that were planted came up and made a good stand. On November 10, 1943, the cabbage plants, being young and tender, were killed by a freeze. Had plaintiffs been able to plant the entire eighty acres in cabbages on or about September 1 as they had planned, the plants would have been hardy enough to have withstood the freeze which came on November 10, and would have produced a large tonnage of marketable cabbages which plaintiffs could have sold at a profit. Damages are claimed for the breach of covenant.

The third count sets out the lease described in the second count and alleges that on July 7, 1943, after its execution, the parties entered into an oral contract whereby the defendant agreed for a valuable consideration to mole drain and plow the eighty acres of land covered by the lease, and have the property ready to the plaintiffs for planting cabbages on September 1, 1943. The mole draining and plowing was not completed at the time agreed. On October 9, 1943, only one-half of the lands had been mole-drained and plowed. Plaintiffs planted cabbages on this forty acres. Because defendant did not have all of the land prepared until after October 9, 1943, there was caused to plaintiffs "a further delay of such length of time that it was utterly unsafe to plant cabbage upon the other half of the leased property at such late season because of cold weather." The cabbages that were planted

upon the forty acres that had been prepared by defendant came up and made a good stand. On November 10, 1943, the cabbage plants, being young and tender, were killed by a freeze. Had plaintiffs been able to plant the entire eighty acre tract in cabbages on or about September 1 as they had planned, the plants would have been hardy enough to have withstood the freeze which came on November 10, and would have produced a large tonnage of marketable cabbage which plaintiffs could have sold at a profit. Damages are claimed for the breach of contract.

Two questions are presented on the appeal: (1) Does the declaration state a cause of action for breach of covenant or contract for which an action for damages will lie? (2) Does the declaration show on its face a waiver by plaintiffs of the right to damages for breach of covenant or contract?

The function of a demurrer to a declaration is to test the sufficiency of the ground of action, and such demurrer should not be sustained unless the declaration wholly fails to state a cause of action for at least nominal damages. Rodriguez v. Powell, 127 Fla. 56, 172 So. 849; Boyle v. Dolan, 97 Fla. 253, 120 So. 334. The fact that a declaration which otherwise does not wholly fail to state a cause of action contains improper elements of damages may not be raised by demurrer. The proper method of eliminating such objectionable features from consideration in the case is by motion to amend or to strike from the pleadings, by objections to testimony at the trial, or by proper instructions or exceptions to improper instructions when the case comes on for trial. Farrington v. Richardson, (Fla.) 16 So. (2nd) 158; Jones v. Central Nat. Bank & Trust Co., 110 Fla. 262, 148 So. 765; Hall v. Western Union, 59 Fla. 275, 51 So. 819, 27 L.R.A. N.S. 639.

In our view, the counts of the declaration in this case do not wholly fail to state a cause of action for at least nominal damages. One of the counts is based upon the breach of covenant of a lease to provide ingress and egress to the property which had been leased for agricultural purposes, by reason of which the plaintiffs were delayed in getting on the lands and planting their crop. Another count is bottomed upon the breach of contract by the lessor whereby the lessor

contracted to mole drain and plow the lands in entirety so that the property could be put to a specified agricultural use by an agreed date. All counts contain the averment that by reason of the breaches it was impossible to make use of the land at the time and for the purposes for which it had been leased. It is charged that the plaintiffs were damaged as a direct consequence thereof. Although it may be argued that the counts of the declaration contain claims for improper items of damages, it may not be fairly said that the counts wholly fail to state a cause of action for at least nominal damages.

Nor do we think that the declaration shows on its face a waiver of the right of action for damages, as distinguished from the right to treat the breaches by defendant as a discharge of contract liability. There is a distinction between a waiver of the right to treat a contract as discharged and the waiver of a right of action for damages for the breach. See Page on Contracts, Sec. 3037, et seq.; Secs. 3066-3069; 27 R.C.L. pp. 909-910, Sec. 5. Moreover, the question of waiver is usually one of fact for consideration by a trial jury on issues properly defined.

In the briefs presented here the parties spend much time in arguing whether or not the plaintiffs below are entitled to recover as special damages the profits which they assert they would have made from marketing the cabbages had they been able to plant the lands on September 1, 1943, as intended. We do not understand that that question is properly before us on the record; for inasmuch as the appeal is from a judgment sustaining a demurrer to the declaration, the only question is whether the declaration state a cause of action for the recovery of any damages at all. If it does, the demurrer should have been overruled, even though the declaration may contain improper items of damages.

It appears from the record before us that a motion to strike this item of special damage from the declaration was seasonably interposed in the court below. Apparently no order has ever been made on this motion. When the case goes back for further procedings there is nothing to prevent the defendant from calling the motion up for disposition and

procuring a ruling thereon, if, in fact, no order on the motion has been made.

Upon consideration of the declaration we find ourselves unable to say that the counts thereof wholly fail to state a cause of action. We are of opinion, therefore, that the demurrer should not have been sustained.

The judgment appealed from is reversed.

It is so ordered.

CHAPMAN, C. J., BROWN, BUFORD and THOMAS, JJ., concur.