*B. A. Meginniss, John U. Lloyd, M. R. McDonald* and *W. R. Slaughter,* for appellee.

*Giles J. Patterson,* as amicus curiae.

SEBRING, J.:

The decree appealed from is affirmed on authority of the decision in State of Florida v. Florida State Improvement Commission, (Highlands County) rendered by this court on the 5th day of March, A. D. 1948, and reported in ___ Fla. ___, ___ So. (2nd) ___.

THOMAS, C. J., TERRELL, CHAPMAN, JJ., concur.

ADAMS and BARNS, JJ., dissent.

## BESSIE MAE MINGO v. WILLIE CAIN

34 So. (2nd) 456           January Term, 1948.
March 5, 1948                Special Division B
Rehearing denied March 23, 1948

*Johnson & Johnson,* for appellant.

*E. M. Baynes,* for appellee.

BARNS, J.:

The appellant, as plaintiff below, brought a bill seeking to have a deed adjudicated a mortgage, and for redemption, and, on the final hearing, the Chancellor dismissed the bill, sustaining the defense of res judicata. Whereupon plaintiff appealed, assigning as error the finding that the defense of res judicata was established by the proof.

Subject to errors and omissions as to details, which are not now important, it appears that Randolph and Annie Washington were husband and wife and that they had several transactions concerning several pieces of property, one of which transactions was with one Parrish, another with Willie Cain. The properties involved in the latter transactions were encumbered by mortgages. There is a question as to whether these transactions were mortgages, which question we do not now determine, but, for present purposes, they will be referred to as mortgages. Domestic trouble brewed between Randolph and Annie and the mortgagee of a mortgage in form and substance and which was not in dispute became impatient for his money, which resulted in a $1,500.00 mortgage being satisfied for $1,000.00, with Parrish conveying to Willie his interest in the piece of property, the subject matter of the prior transaction between Parrish and the Washingtons (hereafter referred to as the "Parrish property") and Willie paying to Parrish $448.00 (a Washington debt?). At the same time, Annie and Randolph gave to Willie their quit claim deed to the same property, and Willie in turn gave to Annie an instrument entitled "Option to Purchase Land."

(Prior suit). As a result of the domestic troubles between Randolph and Annie, she (Annie) got possession of the "Par-

rish property" and Randolph agreed to give her a deed, which he did after some delay, but, after giving her a deed to the property, he moved in and dispossessed her and two weeks later brought a suit against Willie for the purpose of having the court decree the deed to be a mortgage and establishing the deed as such, and for the purpose of redemption. To this bill of complaint Willie answered, setting up that Randolph had parted with all right and interest in and to the property; that he had wrongfully ousted Annie and that she had succeeded to his interest therein and that her right to possession was by permission of Willie and pursuant to an agreement between Willie and Annie, in which the plaintiff had no part interest.

In this prior suit, a final decree was rendered against the plaintiff, Randolph, to which proceedings Annie was not a party.

Subsequent to the prior proceedings, Annie died, and the present suit is brought by the appellant as the only heir of Annie Washington, and the prior decree was plead, offered and found to be res judicata as to the issues here.

When the facts as plead in the answer of Willie Cain in the prior suit are considered, and it is further considered *that Annie was not a party to that suit* and that Annie and Randolph had then been divorced, it appears to us that the learned Chancellor has erred in finding the defense of res judicata to have been established by the proof. Annie was not a party to the prior proceedings and does not claim an interest acquired from any party to the said proceedings after the proceedings were had; and Willie's answer in the prior suit reflects a knowledge of Annie's interest at that time, which is consistent with the present plaintiff's claim of Annie's interest.

Reversed for further proceedings and determination of the equities of the parties.

THOMAS, C. J., ADAMS, JJ., and JACKSON, Associate Justice, concur.

BARNS, J.:

BARNS, J.:

Appellee, on petition for rehearing, complains that the record on appeal fails to contain all the evidence and, for that reason, that the decision reversing the Chancellor is in error, and submits in support of his position that the law as heretofore announced is as follows:

"No error predicated on lack of evidence to sustain decree was shown, where testimony introduced before trial court was not included in transcript."—Yearwood v. Welch, 107 Fla. 143, 144 So. 308.

"Assignment that court erred in entering final decree could not be considered where chancellor's certificate showed all evidence was not included in transcript, nor could assignment that court erred in finding that allegations of bill were supported by evidence and that equities were with complainant be considered."—Perry v. Perry, 109 Fla. 299, 146 So. 914.

The foregoing decisions were rendered before the adoption of the present rules, in 1942, which are more strict as to what the record should contain but more liberal as to supplying omissions.

The present Supreme Court Rules relating to the record on appeal provide:

"(10)  *Record Presumed to Contain Everything Material.* Upon appellant proceedings it shall be presumed unless the record shows to the contrary, that such record transmitted to the appellate court contains all proceedings in the trial court material to the questions presented for decision by the appellate court."—Supreme Court Rule 11 (10).

And that:

" . . . all pleadings, evidence and other matters not essential to the decision of said question (assignment of error) shall be omitted . . . "—Supreme Court Rule 11 (2) (a).

For violation of the rules of this Court, our Rules provided:

"(b)  *Penalty.*  Failure on the part of counsel or others to abbreviate the record on appeal as thus required will subject them to the payment of such costs as this Court may deem proper to impose."—Supreme Court Rule 11 (2) (b).

And that:

"(11) *Powers of Lower Court.* After the entry of an appeal and before the record on appeal is filed in this court the things required to be done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of this court."—Supreme Court Rule 11 (11).

And to mitigate the perils and hazards of errors and omissions, our rule provides that:

"(8) (b) *Material Omissions Supplied.* If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the trial court. No other proceedings shall be necessary in event of a suggestion or diminution of the record."—Supreme Court Rule 11 (8) (b).

And:

"(8) (c) *Appellate and Trial Court May Make Record Speak Truth.* Both the appellate and the trial court shall have power to rule on objections to the contents of the record on appeal and to make such order as unto it shall appear proper to promote the administration of justice and in order to reduce the volume of the record without injustice and yet present to the appellate court the matters complained of."—Supreme Court Rule 11 (8) (c).

When it develops that the Chancellor is about to be *reversed* and matters presented to the Chancellor have been inadvertently omitted from the record on appeal or omitted through error of judgment and it is made to appear even as late as upon rehearing, omitted matters may then be supplied, as provided by Supreme Court Rule 11 (8) (b), supra; but, after decision has been rendered on appeal and it is suggested on rehearing that matters were presented to the Chancellor and omitted from the record, it must be made affirmatively to

appear, before this Court will concern itself with such omission, that such omitted matters are material to a determination of the errors assigned and, if supplied, would result in a change in the decision of this Court. A mere omission is not enough.

Since the Court's rules are strict as to requiring a reduced or abbreviated record, it will be liberal in allowing the record to be supplemented with such *material* matters which have been omitted.

The appellee submits that the record fails to contain the proceedings had in circuit court concerning the law in question—"Case No. 12,184"—wherein Annie Washington was plaintiff and Rudolph Washington was defendant. The present case is between Bessie Mae Mingo, as the sole heir of Annie Washington, and Randolph Washington, concerning the same land, but neither the materiality of "Case No. 12, 184" nor any particular portion thereof has been made to appear. Until some matter within "Case No. 12,184" is made to appear material to this appeal, relevant to the equities and necessary to promote a better administration of justice, it will be considered otherwise.

Rehearing denied.

THOMAS, C. J., ADAMS, J., and JACKSON, Associate Justice, concur.