HORTON, Judge.
The appellant, a real estate brokerage firm, appeals from an adverse summary judgment which resulted from an action to recover a real estate broker’s commission.
The complaint alleged the employment of the appellant by the appellee to find a purchaser ready, willing and able to purchase certain real property owned by the appellee upon terms satisfactory to the appellee; that a purchaser was procured to purchase the property upon terms satisfactory to the appellee; that a sale of said property was consummated by the ap-pellee with the purchaser produced by the appellant, and accordingly, the appellant had performed its contract and was entitled to a commission. No answer was filed to the complaint, but instead the appellee moved, pursuant to Rule 1.36(b), Florida Rules of Civil Procedure, 30 F.S. A., for summary judgment upon the affidavits of the appellee and others, depositions and exhibits, on the ground that there was no genuine issue as to any material fact and the appellee was entitled to judgment as a matter of law. The motion was opposed by affidavits on the part of the broker, Ramagli, and one Lamar Mitchell. Upon hearing, the motion was granted and a summary judgment followed.
The appellant’s contention is that there were genuine issues as to material facts, the existence of which was sufficient to preclude the entry of a summary judgment.
The affidavit of the appellee denied the employment alleged in the complaint, denied the ownership of the property in question and further denied that the appellant had ever produced a purchaser to buy the real property in question upon any terms and conditions, and that the appellee was not indebted to the appellant for any sums whatsoever. The appellee’s position was that he had sold the stock in a corporation which he controlled instead of selling the real estate owned by that corporation. The other affidavits filed on behalf of the appellee raised the affirmative defense of waiver, i. e., that the appellant had orally waived its right to any commission by reason of the sale of said property or stock of the corporation which owned said real property.
The affidavit of Ramagli merely reiterated his claimed employment by the ap-pellee, the production of a purchaser who ultimately purchased the property upon terms and conditions satisfactory to the appellee, and that he had earned his commission. Ramagli’s affidavit, however, indicated that at one time during the negotiations he had agreed to conditionally waive his commission if the appellee would accept an offer and sign a contract that day on the terms then agreed upon, but that the appellee did not accept the offer on the day in question or on the terms then agreed upon; that the appellee later sold the property to the purchaser produced by the appellant for a sum in excess of the amount agreed upon at the time of the appellant’s offer to waive its commission.
The summary judgment did not disclose the specific ground upon which the motion was granted, but in light of the *73 fact that the affidavits and depositions (except the appellee’s) supporting the motion for summary judgment, attempt to raise the defense of waiver, there was an implied admission of the existence of the contract of employment as well as the other material issues relating to the employment as alleged in the complaint. The purpose of a motion for summary judgment is to demonstrate to the court the non-existence of any genuine issue of material fact upon which the non-moving party relies. Anderson v. Maddox, Fla.1953, 65 So.2d 299.
The party moving for summary judgment has the burden of demonstrating to the court that the record is free from any genuine issue as to all material facts, thus entitling the movant to a judgment as a matter of law. This burden is strictly imposed by the courts to the extent that all inferences which could he drawn from the proofs will be indulged in favor of the non-moving party and against the movant. Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915; 6 Moore’s Federal Practice, 2d Ed., § 56.15(3).
As previously pointed out, the defense of waiver would necessarily imply the prior existence of a contract of employment, and attempt to bar recovery by reason of subsequent acts or conduct constituting waiver. Whether or not the appellant’s conduct, as outlined in the supporting affidavits and depositions submitted by the appellee, constitutes waiver,' is a question of fact which we feel should not he resolved by the court on summary judgment. See Rutig v. Lake Jem Land Co., 155 Fla. 420, 20 So.2d 497; Owens v. MacKenzie, Fla.App.1958, 103 So.2d 677.
As has been announced before in numerous decisions, the function of the trial judge upon a motion for summary judgment is not to try the issues of fact but to determine whether or not any genuine issue as to a material fact exists, and if such fact exists, then the motion for summary judgment should be denied. Wilson v. Bachrach, Fla.1953, 65 So.2d 546; Johnson v. Studstill, Fla.1954, 71, So.2d 251; Jones v. Stoutenburgh, Fla.1956, 91 So.2d 299; Parker v. Bryce, Fla.1957, 96 So.2d 154; Warring v. Winn-Dixie Stores, supra. Conversely, where the nonexistence of a genuine issue of material fact is clearly demonstrated, then- the motion should be granted. Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482; Kagan v. Eisenstadt, Fla.App.1957, 98 So.2d 370.
Accordingly, we conclude that the summary judgment appealed should be reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.