123 So.2d 377 (1960)
Frank A. DAVIS, Jr., a single man; Harry R. Davis and Mary C. Davis, husband and wife; Mary D. Wesley, Individually and as Administratrix of the Estate of Irene K. Davis, deceased, and Helen D. Caughman, Appellants,
v.
Frank A. DAVIS, Sr., Appellee.
No. C-42.
District Court of Appeal of Florida. First District.
October 4, 1960.
*378 Merritt, Jackson, Anderson & Henderson, Pensacola, for appellants.
Yonge, Beggs & Lane, Pensacola, for appellee.
WIGGINTON, Chief Judge.
Defendants have appealed from a final decree on the pleadings entered in a suit for partition. Appellants question the propriety of the decree appealed.
Appellee filed his complaint in equity seeking partition of a parcel of land located in the City of Pensacola. Named as defendants in the cause are plaintiff's children, one of whom is joined both in her individual capacity and as administratrix of the estate of her deceased mother from whom plaintiff was divorced in 1947. The complaint alleges that plaintiff and his deceased former wife owned the property in question as tenants by the entireties prior to the entry of the decree of divorce. It is alleged that by the divorce decree the chancellor awarded the wife the exclusive use and occupancy of the property *379 as her home during the remainder of her life or until remarriage, and ordered that it should not be subject to partition or other disposition by either party without their joint consent during the continuance of the tenancy. The complaint further alleges that by the language employed in the decree the wife's estate by the entirety was converted into a life estate, and upon her death the whole fee simple title vested in the plaintiff. The complaint prays in the alternative that if it should be held that the wife's interest at the time of her death was a tenancy in common with plaintiff, that plaintiff's interest in the property be sold and plaintiff's proper share of the proceeds disbursed to him.
All defendants appeared in the cause and filed an answer which admits the material allegations of the complaint, but denies that their deceased mother held only a life estate in the property, contending that at the time of death she was vested with an undivided one-half interest as a tenant in common, which interest has descended to the defendants as her sole heirs. Without designating it as such, the answer also contains what the chancellor and the parties properly treated as a permissive counterclaim. The counterclaim alleges that by the final decree of divorce plaintiff husband was required to pay as alimony to defendants' deceased mother the sum of $150 a month. It is alleged that from the date of the divorce in 1947 to the date of the mother's death in 1959 the plaintiff father had paid only a part of the alimony which the court had ordered him to pay, and at the time of the mother's death there was owing to her by the plaintiff father as arrearage the sum of approximately $25,000. Defendants pray that the court enter a decree in their favor for the entire amount of the delinquent alimony payments due the mother's estate, and that the plaintiff's one-half interest in the property sought to be partitioned be impressed with a lien for the amount found to be due defendants as alleged. Attached to the counterclaim as exhibits are a copy of the final decree of divorce and a schedule purporting to show the amounts of alimony paid by plaintiff to defendants' mother during her lifetime.
The above mentioned payment schedule reflects that after the first two months following entry of the divorce decree plaintiff paid to his former wife as alimony sums ranging from nothing in various months to no more than $50 in other months. This schedule indicates that payments ceased on February 6, 1956, and no payments were made thereafter. Neither the complaint nor the answer and counterclaim filed by defendants were verified, and the file contains no evidence in support of any of the allegations set forth in the pleadings other than the exhibits referred to above.
The file affirmatively shows that plaintiff filed no answer to the counterclaim. The cause came on for hearing before the chancellor on plaintiff's motion for a decree on the pleadings pursuant to the applicable rules of procedure. Upon consideration of the motion the chancellor entered a final decree on the pleadings in which it is held that plaintiff was entitled to a decree of partition as prayed for in his complaint, but only as a tenant in common with defendants. Plaintiff and defendants jointly are each decreed to be owners of an undivided one-half interest in the property. The decree further found and concluded that it was evident from the pleadings that the deceased former wife of plaintiff acquiesced in the reduction of alimony payments paid by plaintiff, and defendants were not entitled to a decree or judgment against plaintiff for arrearage which the deceased former wife waived by her acquiescence.
The rule of procedure pursuant to which the final decree appealed in this case was entered provides that after pleadings are closed, but within such time as not to delay the trial, any party may move for *380 judgment or decree on the pleadings.[1] The correctness of the chancellor's action in entering the final decree pursuant to this rule is the principal point questioned on this appeal. It is evident from a literal reading of the rule that it is not available to either party until after the pleadings are closed. Pleadings in a civil action are not closed until after the complaint and counterclaim, if any, have been answered by the opposing party. As stated above, plaintiff failed to answer the counterclaim, but instead moved for final decree on the pleadings which was granted.
The Florida rule relating to the procedural point now under consideration was taken from and is a counterpart of Rule 12 (c), Federal Rules of Civil Procedure, 28 U.S.C.A. The decisions of federal courts construing the rule are therefore pertinent to our consideration here. Moore, in his work on Federal Practice, says that if a counterclaim is pleaded, or if the court orders a reply, the pleadings are not closed until the reply is served.[2] The foregoing principle is based upon a decision rendered by a federal district court in which it was held that a motion for judgment on the pleadings may not be made, even as to the complaint and answer alone, where the defendant has pleaded a counterclaim and a reply has not been served.[3] It likewise has been held that if a defendant has failed to file an answer, a motion for a judgment on the pleadings is not the correct procedural remedy, but rather application should be made for default judgment.[4]
In commenting upon the procedural posture which a civil action must occupy before a motion for judgment or decree on the pleadings is proper, our Supreme Court has held that "upon a hearing on defendant's motion for judgment on the pleadings after the defendant has answered, matters outside the pleadings may not be presented under Rule 1.11(c) * * *."[5]
The criteria which guides the consideration of the chancellor in passing upon a motion for final decree upon the pleadings points up the necessity for the pleadings to be fully closed before the motion may be considered. "At such a hearing all the proper allegations of the bill not sufficiently denied by the answer are to be taken as true and all allegations in the answer of new or affirmative matter are to be deemed denied. Moreover, where issues are made by denials in the answer, the decision at the hearing must be against the party who has the burden of proof according to the rules of evidence."[6]
Although the test to be applied in disposing of a motion for judgment or decree on the pleadings is the same as in disposing of a motion to dismiss for failure to state a cause of action,[7] the office of the two different type motions is entirely different and should not be confused. If a motion for final decree on the pleadings is granted, the decree entered pursuant thereto is a final adjudication on the merits of the cause.[8] If a motion to dismiss a complaint is granted, the unsuccessful party is privileged to seek leave of court for permission to file an amended pleading in which the defects of the dismissed pleading may be supplied by additional allegations.
We are mindful of the decision rendered by the Third District Court of Appeal in the *381 Storer case,[9] in which by inference it might appear that a rule contrary to the principles hereinabove stated was adopted by that court. In that case defendant moved to dismiss the complaint on the ground that it failed to state a cause of action. At the hearing on this motion the parties stipulated before the court that the motion should be considered and disposed of as a motion for final decree on the pleadings. The trial court's final decree in favor of defendant was reversed by the District Court upon a finding that the complaint, together with the exhibits thereto attached, stated a cause of action. The procedural question as to the propriety of the trial court considering the motion to dismiss the complaint as a motion for final decree on the pleadings was not raised nor passed upon by the District Court. Since both the chancellor and the District Court determined the correctness of the final decree in accordance with a procedure agreed upon by the parties, the decision cannot be considered as precedent for the regularity of the procedure followed in that case.
For the reasons stated herein we hold that the chancellor erred in entering final decree on the pleadings, and the decree must necessarily be reversed and the cause remanded for further proceedings.
As an aid to both the trial court and counsel in the further prosecution of this cause we deem it necessary to consider and dispose of the question involving correctness of the court's holding that the counterclaim affirmatively shows as a matter of law that defendants' deceased mother waived by acquiescence the arrearage of alimony ordered to be paid her by plaintiff in the final decree of divorce.
Waiver is the intentional relinquishment of a known right, and may be inferred from conduct or acts putting one off his guard and leading him to believe that the demanding party has waived the right sought to be enforced.[10] The Supreme Court of this state has long recognized that the question of waiver is usually one of fact to be tried on issues properly defined by the pleadings.[11] That waiver by acquiescence may be interposed as a defense to an action brought by a wife or her personal representative for arrearages in alimony has been specifically recognized by the Supreme Court of this state in the Stephenson case.[12] Such a defense is generally recognized in the majority of jurisdictions of this country.[13]
The defense of waiver by acquiescence is affirmative in nature and usually must be specifically pleaded.[14] The exception to this general rule is that if the complaint or counterclaim affirmatively shows on its face that the claim asserted therein is barred by waiver, such pleadings may be vulnerable to a motion to dismiss. As pointed out above, however, such a pleading is not vulnerable to a motion for judgment or decree on the pleadings until an appropriate response to the complaint or counterclaim has been filed and the issue of waiver has been defined.
We have carefully examined the counterclaim by which defendants assert their right to a judgment against plaintiff for arrearages in alimony due their deceased mother prior to her death. This counterclaim has been considered in light of the exhibits attached thereto, consisting of a copy of the final decree of divorce and the schedule of alimony payments made by the plaintiff *382 during the lifetime of the deceased wife. Upon such consideration we hold that the counterclaim does not show as a matter of law that the relief prayed for therein is barred on the theory of waiver by acquiescence. If such issue is made by the defenses hereafter interposed by the counter defendant, such issues must be resolved by the trial court upon the proof adduced by the parties on the trial of the cause.
We have considered the cross-assignment of error filed by appellee and argued in his brief, but find it to be without substantial merit.
Reversed.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] Rule 1.11(c), Florida Rules Civ.Proc., 30 F.S.A.
[2] Moore's Federal Practice, 2d Ed., Vol. 2, p. 2268.
[3] Edelman v. Locker, D.C.E.D.Pa. 1946, 6 F.R.D. 272.
[4] General Motors Corp. v. Blevins, D.C.D.Colo. 1956, 144 F. Supp. 381.
[5] Reinhard v. Bliss, Fla. 1958, 85 So.2d 131, 133.
[6] City of Miami v. Miami Transit Company, Fla.App. 1957, 96 So.2d 799, 802.
[7] Reinhard v. Bliss, supra note 5.
[8] City of Miami v. Miami Transit Company, see footnote 6.
[9] Storer v. Florida Sportservice, Inc., Fla. App. 1959, 115 So.2d 433.
[10] Radar v. Prather, 100 Fla. 591, 130 So. 15; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 79.
[11] Rutig v. Lake Jem Land Co., 155 Fla. 420, 20 So.2d 497; Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684.
[12] Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684.
[13] 17 Am.Jur., Divorce and Separation, § 792, 137 A.L.R. 897.
[14] Rule 1.8(d), F.R.C.P.