201 So.2d 588 (1967)
Richard A. CHAIKIN, Appellant,
v.
Mildred SKOLNICK, d/b/a Monaco Bay Apartments, Appellee.
No. 66-483.
District Court of Appeal of Florida. Third District.
May 9, 1967.
Rehearing Denied September 6, 1967.
*589 Martin S. Schwartz, Coral Gables, for appellant.
Lane, French, Primm, Lane & Carrier, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
The appellant, Richard A. Chaikin, has appealed from a summary final judgment for the defendant, Mildred Skolnick, d/b/a Monaco Bay Apartments.
The sole question involved on this appeal concerns Section 865.09, Florida Statutes, F.S.A., commonly known as the Florida Fictitious Name Statute.
The appellant, Chaikin, was the plaintiff below and sued the defendant, Mildred Skolnick, d/b/a Monaco Bay Apartments, and alleged that she owned, operated, controlled or managed the premises known as Monaco Bay Apartments. The defendant's answer denied these allegations. The record on appeal reflects that the plaintiff timely objected to the defense of the suit for failure of the defendant to comply with Section 865.09. The trial court denied these motions; permitted the defendant to defend this action, and ultimately entered a summary final judgment for the defendant.
The question before us is the propriety of permitting the defendants to participate in this action, when it is unquestioned that she has not complied with the provisions of the statute.
The statute makes it unlawful for any person to engage in any business under a fictitious name in Florida unless such fictitious name shall be registered with the Clerk of the Circuit Court in the county where the principal place of business is located.
The penalty for failure to comply with the statute is that neither the business nor the members, nor those interested in doing such business, may defend or maintain a suit in any court of this State, either as plaintiff or defendant until the statute is complied with.
We have previously considered the application of this statute insofar as it applies to plaintiffs in the case of Cor-Gal Builders, Inc. v. Southard, Fla.App. 1962, 136 So.2d 244. Judge Barkdull, speaking for the court, held that the failure to comply with the statute was not a prohibition preventing activation of the jurisdiction of the trial court, but it was an inhibition against the maintenance of an action which would arise when the infirmity was timely called to the attention of the trial judge. We are of the opinion that the same reasoning *590 applies herein, and that the failure of the defendant to comply with the statute when properly and timely called to the attention of the trial judge should preclude a defense of a suit until the statute is complied with.
Although the failure of the defendant to comply with the statute in this instance may not have any effect upon the outcome in this case, orderly procedure requires the compliance with the statutes of the State of Florida. Therefore, even though we might not agree with the practical application of the statute in this instance, and even though the final results may remain the same, we are, nevertheless, constrained to rule that all persons are entitled to an application of the statutes as they are passed and written by the legislature.
The business name used here, to-wit: Monaco Bay Apartments, did not reasonably reveal the name of the owner or operator to be Mildred Skolnick, and registration was required under the statute. Failure to do so brings about the imposition of the penalties provided therein.
The defendant, having failed to comply with the statute, was not entitled to defend under its express provisions and the court should have granted the relief sought by the plaintiff, until such time as the defendant complied with the statute. The entry of the summary judgment for the defendant was therefore improper.
Plaintiff also claims that the defendant has waived her rights to defend this action because of a persistent and continuous refusal to comply with the statute, after she was given timely notice thereof. The question of waiver is usually one of fact to be tried on the issues properly defined by the pleadings.[1]
Our review of any factual questions herein is precluded by failure of the plaintiff to bring before this court the evidentiary record below, and we therefore must presume no error was committed in this regard.[2]
For the reasons stated, this cause be and the same is hereby reversed and remanded for further action consistent herewith.
It is so ordered.
NOTES
[1] Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684; Rutig v. Lake Jem Land Co., 155 Fla. 420, 20 So.2d 497 (1945); Davis v. Davis, Fla.App. 1960, 123 So.2d 377.
[2] Yearwood v. Welch, 107 Fla. 143, 144 So. 308 (1932); Althouse v. State Farm Fire & Casualty Company, Fla.App. 1966, 183 So.2d 859.