WIGGINTON, Chief Judge.
Defendant has appealed a final decree requiring her to transfer to plaintiffs a Series 7 COP alcoholic beverage license purchased by her pursuant to the terms of a written agreement. Defendant contends that the decree appealed is erroneous as a •matter of law in that it imposes upon her an unconscionable forfeiture which is unwarranted under the evidence adduced at the trial, which forfeiture plaintiffs are es-topped from asserting.
The purchase agreement pursuant to which appellant purchased the beverage license in question provides that it shall be used for the operation of a‘package store for the sale of alcoholic beverages, and that if the purchaser ceases to operate such package store the license shall be transferred to the sellers. The agreement requires the purchaser to pay the seller in monthly installments a sum equivalent to two percent of the gross retáil sales of the alcoholic beverages sold wsuant to the license.
The alcoholic beverage package store operated by appellant pursuant to the contested license burned in March, 1966. Repeated attempts to secure financing for the purpose of rebuilding her place of business failed due to the tight money market which existed at that time as well as the necessity to use all available financial resources to assist in the construction of another unrelated place of business owned by her. Despite the fact that she was not operating her business under the questioned license, appellant nevertheless renewed it by the payment of the annual fee of $1200.00 in October, 1966, as required by the beverage laws of the state. Being unable to rebuild her place of business, appellant advertised the beverage license for sale or lease in November, 1966, but was unable to dispose of it in this manner.
No rental was paid by appellant to appel-lees in accordance with the terms of the lease from March, 1966, when the building burned, to November 9, 1966, when the complaint in this suit was filed. By its complaint appellees alleged that appellant had ceased to operate the package store under the beverage license purchased by her and therefore prayed for an order requiring *352 appellant to transfer to them the license as .provided by the terms of the agreement. It is from the final decree granting appellees’ prayer foV,relief that this appeal is taken.
It is undisputed that for a period of some eight months appellant ceased to operate a package store for the sale of alcoholic beverages under the authority of the beverage license involved in this case. Such cessation of business under the circumstances involved herein would not necessarily have justified a forfeiture of the license if appellant, with due diligence, had proceeded to re-establish her business within a reasonable time after the building burned. Appellant did construct a new building after this suit was.filed, and resumed operation of her package store sometime in January, 1967. Whether she intended to permanently cease operation under the contested license and resumed only after this suit was filed, or whether the resumption of such operation occurred within a reasonable time after it originally ceased is a mixed question of law and fact to be resolved by the chancellor.[1] The chancellor found against appellant on this issue and it has not been made to clearly appear by the record before us that in doing so he abused his discretion or departed from the essential requirements of law.
Appellant earnestly contends that appéllees should be denied the relief granted them by the final decree under the doctrine of waiver and estoppel. She asserts that at no time following the destruction of her building by fire did appellees demand that she resume operation of her business under the contested beverage license, in default of which a forfeiture would be declared. She takes the position that because of this fact she expended funds in the renewal of the beverage license and the reconstruction of a building in which to operate her business after this suit was filed. Although had we been the chancellor charged with the responsibility of reaching an initial decision in this case we might have arrived at a contrary conclusion, our review of the record fails to convince us that the chancellor abused his discretion or committed an error of law in concluding that appellees were not guilty of any act or omission which would preclude them from insisting upon an enforcement of the terms and provisions of the agreement relative to a re-transfer of the beverage license to them.[2] Appellant having failed to clearly demonstrate reversible error, the decree appealed is affirmed.[3]
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. 17 Am.Jur.2d 766, Contracts, § 330; 17A C.J.S. Contracts § 503(4), p. 786.

. Rutig v. Lake Jem Land Co., (1946) 155 Fla. 420, 20 So.2d 497.

. Gilman v. Butzloff, (1945) 155 Fla. 888, 22 So.2d 263.