McNULTY, Judge.
The decedent Bertrand contracted to, and did, procure life insurance for the benefit of, and to secure his lease with, the appellant Industrial Park. The issues in the case are whether he withheld or concealed material information relating to health in his application for insurance with appellee Loyal American, and/or whether Loyal American is chargeable, by waiver or estoppel, with knowledge of such matters. Loyal American denied coverage, Bertrand having died within the contesti-bility period, and this suit followed resulting in a summary judgment in favor of Loyal American.
In entering the summary judgment, the trial judge correctly found that the decedent made material misrepresentations in his final application for insurance. These misrepresentations concerned nondisclosure of a diabetic condition, which had been diagnosed approximately a month before the final application for insurance, and nondisclosure of the doctor’s consultations resulting in that diagnosis. Bertrand failed to disclose these matters notwithstanding that the application form asked for the information. The trial judge further found these misrepresentations sufficient as a matter of law to bar appellant’s recovery *349 under § 627.01081, F.S.A. We agree that the misrepresentations are material ones sufficient to bar recovery, but must reverse the summary judgment because material issues of fact remain as to whether the insurance company relied on the misrepresentations.
It was, of course, the burden of Loyal American to establish a record sufficient to exclude all inferences contrary to its assertion of reliance.[1] This it failed to do. First, the evidence viewed most favorably to appellant leaves considerable question as to whether the final application form was received, and thus relied on, by the insurance company before issuance of the policy.[2] Secondly, there remained a triable issue as to whether the insurance company had actual or constructive knowledge of the nondisclosed matters otherwise, thus constituting a waiver or estoppel to assert misrepresentation.[3] For example, at the time the summary judgment was entered there was a pending motion for discovery of reports concerning decedent made to Loyal American by two investigating agencies. Such reports are still not in the record of this case and hence there remains the question of matters within the actual or constructive knowledge of Loyal American which could operate for a waiver or estoppel. The summary judgment in favor of Loyal American must be reversed.
Now, Joe’s Creek also appeals from a summary judgment entered in favor of the appellee Auld, who was the insurance agent who procured the disputed policy. Auld was sued jointly with Loyal American for negligently failing to procure a valid life insurance policy. We agree with the trial judge that, as to defendant Auld, no material issues remain, and we consequently affirm the summary judgment as to him.
Affirmed in part, reversed in part.
LILES, Acting C. J., and MANN, J., concur.

. See, e. g., Williams v. Lake City (Fla.1953), 62 So.2d 732; Champion Map Corp. v. Chamco, Inc. (Fla.App.1970), 235 So.2d 50; and Ramagli Realty Co. v. Speier (Fla.App.1959), 110 So.2d 71.

. See § 627.01071(1). Cf., World Insurance Company v. Posey (Fla.App.1969), 227 So.2d 67.

.See, e. g., Columbian Nat. Life Ins. Co. v. Lanigan (1944), 154 Fla. 760, 19 So.2d 67; Security Life and Trust Co. v. Jones (Fla.App.1967), 202 So.2d 906; and Feeht v. Makowski (Fla.App.1965), 172 So.2d 468.