282 So.2d 661 (1973)
AETNA LIFE INSURANCE COMPANY, Appellant,
v.
Dorothy F. HUGHES, Appellee.
No. 72-426.
District Court of Appeal of Florida, Fourth District.
September 14, 1973.
Walton B. Hallowes, Jr., of Maguire, Voorhis & Wells, Orlando, for appellant.
Dan H. Honeywell, of Billings, Frederick, Wooten & Honeywell, Orlando, for appellee.
DOWNEY, JAMES C., Associate Judge.
This is an appeal by Aetna Life Insurance Company from a final judgment following a jury verdict for appellee.
Franklin T. Hughes was insured under a group life insurance policy provided by his employer with Aetna Life Insurance Company. The termination of Insurance clause of said policy provided, inter alia: "Insurance *662 of the employee will automatically cease thirty-one days after termination of employment ...". The policy also contained the usual Conversion Privilege found in most group life insurance policies, to-wit:
"If the Employee's insurance under the group policy, or any portion of such insurance, ceases because of termination of employment or because of termination of membership in the class or classes of employees eligible for insurance under the group policy, the Employee will be entitled to have issued to him by the Insurance Company, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits, provided written application for the individual policy is made and the first premium thereon paid to the Insurance Company, within thirty-one days after such termination ...
(a) the individual policy will be on any one of the forms ... that shall be selected by the employee...
(b) the individual policy will be in an amount equal to or, at the option of the Employee, an amount less than the amount of the Employee's life insurance which ceases under the group policy ...
(c) the premiums payable ... will be at the Insurance Company's then customary rate ..."
On October 19, 1970, after ten years with said employer, Hughes terminated his employment. Eleven days later the Aetna agent who handled this group policy, received word from the employer that Hughes wished to exercise his Conversion Privilege. Accordingly, the agent sent Hughes an Aetna official conversion form and a letter stating: "I have enclosed a form which only requires your signature and word from you as to how you wish to pay this premium." The form application was filled out and returned to the Aetna agent apparently shortly after the thirty-one day period for conversion had expired. The agent then sent Hughes a new application form for execution with the employment termination date altered from October 19th to November 13th. Hughes completed this form and returned it to the agent with a check for the first premium. On January 4, 1971 the check was cashed by Aetna. On January 8, 1971, Hughes died, and on February 24, 1971 Aetna denied coverage.
Hughes' widow, as beneficiary, filed suit in two counts, alleging an express contract of insurance, or in the alternative that defendant waived its right to rely upon any provision of the policy for forfeiture of the Conversion Privilege. The trial court directed a verdict for Aetna on Count I relating to the express contract, and the jury returned a verdict for plaintiff on Count II. Denial of Aetna's motion for a directed verdict as to the second count is assigned as error.
Appellant concedes that if the requirements or conditions of the conversion clause may be waived by the insurer, the evidence was sufficient to support the jury's verdict. Thus, the sole question presented for decision is whether the doctrine of waiver is applicable to the Conversion Privilege of the group life insurance policy.
Appellant contends that the doctrine of waiver is inapplicable because under the Conversion Clause insurance coverage terminated at the end of thirty-one days unless written application for conversion and payment of the premium was furnished the Company within said period; that to hold these provisions can be waived is to violate the almost universal rule that waiver cannot be invoked to create primary liability or to enlarge the scope of coverage over and beyond the risk assumed under the policy. Six L's Packing Company, Inc., v. Florida Farm Bureau Mutual Insurance *663 Co., 268 So.2d 560 (Fla.App.); Northwestern National Casualty Co., v. McNulty, 307 F.2d 432 (5th Cir. Fla. 1962). On the other hand, appellee contends that the provisions of the conversion clause do not involve coverage or an increase in the risk assumed, and thus are subject to waiver by the insurer. Although there is a plethora of cases dealing generally with clauses pertaining to Termination of Employment and Conversion Privilege of group life insurance policies, no case has been furnished us, nor has our research revealed any decision resolving the precise point presented here.
At the outset, it is worthy of note that the Conversion Privilege is not gratuitously inserted in the policy; it is mandated by Sec. 627.566 F.S.A. Thus, the right of conversion which the employee has upon termination of his employment was provided by statute as "a device by which the rights enjoyed under one type of policy, such as a group or term policy, may be continued in another type of policy, at the option of the insured". Moore v. John Hancock Mutual Life Insurance Co., 436 F.2d 823 (5th Cir. Fla. 1971).
It is generally held that the Coversion Privilege gives the employee an option. Moore v. John Hancock Mutual Life Insurance Co., supra; 68 A.L.R.2d 8, 115. It affords him the right to continue in effect as an individual policy the benefits of the group policy, as limited in the contract, without fulfilling any conditions, except that he must elect to convert, choose the amount of coverage not to exceed the group policy amount, and pay the premium. The risk assumed by the insurer is not greater than the group policy, rather, it is more restricted since the converted policy is to be "without disability or other supplementary benefits". The amount of coverage elected may not exceed the amount of coverage in the group policy. Thus, it is apparent that as Aetna's agent said to the insured in describing what was necessary to exercise the option, all that was needed was "your signature (on the application form) and word from you as to how you wish to pay this premium".
As in option contracts generally, the optionor may waive performance by the optionee of the conditions required to exercise the option. Pan American Dist. Co. v. Sav-A-Stop, Inc., Fla.App., 124 So.2d 753; 7 Fla.Jur., Contracts, Sec. 144. And in insurance contracts, the general rule is that the company may waive or be estopped to rely on any ground on which it might be entitled to avoid the policy or dispute its liability thereunder. 45 C.J.S. Insurance § 674.
Here the employee had been covered continuously under the group policy for $5,000.00 death benefit and for disability benefits. One of the valuable provisions of the policy was that within thirty-one days of the termination of his employment, the employee could elect to convert to an individual policy with a death benefit of $5,000.00 or less, but "without disability or other supplementary benefits", if he simply signed the application form designating the type of plan he wanted and paid the premium within the thirty-one day period. Exercise of the option by the employee simply brings about a continuation of coverage on a more limited basis. This is not entirely unlike the situation found in Enfinger v. Order of United Commercial Travelers, Fla.App., 156 So.2d 38, a case involving waiver of the reinstatement provisions of a policy after lapse for nonpayment of premiums. The court pointed out that:
"This was not an original application for membership in the Order or for an initial certificate of insurance, but was an application for reinstatement to a status previously occupied and to an indemnity formerly existent."

It is our view that the rule contended for by appellant, that waiver cannot be invoked *664 to create primary liability, or to enlarge the scope of the coverage, is not applicable to the exercise of the conversion privilege. It is an option held by the employee and the optionor-insurer may waive the strict requirements of its exercise.
Accordingly, the trial judge was correct in submitting the question of waiver to the jury.
Affirmed.
WALDEN and OWEN, JJ., concur.