HAVERFIELD, Judge.
Defendant tenant seeks review of an amended final judgment in an action for unlawful detention and damages. Plaintiff landlord cross-appeals therefrom. The relevant facts are as follows:
On October 31, 1968 Hangar One, Inc. as landlord, appellee herein, and Dumor Avionics, Inc. as tenant, appellant herein, executed a lease agreement for certain space at Opa Locka Airport. The terms of the lease, commencing November 1, 1968, were for 60 months (S years) at a rental of $595 per month with an option for an additional 60 months at $432 per month rent. The lease provided that the “filing of petition by the Tenant under any section of the National Bankruptcy Act, or similar laws of the United States or any State thereof” shall constitute default by the tenant under the lease.
On November 1, 1968 Dumor Avionics, Inc. went into possession of the leased premises and continues in possession up to the present.
On June 10, 1971 Dumor Avionics, Inc. filed a petition for an arrangement under Chapter XI of the National Bankruptcy Act. Upon being informed thereof, Hangar One, Inc. allegedly orally notified Du-mor Avionics, Inc. that it considered the lease in default, but would permit Dumor to remain on the leased premises as a tenant at will from month to month. In June 1972 Hangar One, Inc. notified Dumor Avionics, Inc. that the monthly rental was being increased from $595 to $750. We note that it is unclear from the record whether Dumor actually paid the increased rental from June 1972 through October 1973. However, the trial judge determined that Dumor in fact did pay the increase.[1]
On October 1, 1973 Hangar One, Inc. sent to Dumor Avionics, Inc. the following letter:
“Pursuant to our conversation regarding a lease with Dumor Avionics and Hangar One, Inc., Hangar One will not enter into negotiation with Dumor until all back rent and one month’s rent is paid in advance, and until there is indication that this monthly rent advancement will be sustained.
“Dumor will continue on a month to month payment basis until such lease is negotiated and signed. Rent for the same will remain at $750.00 per month. Under the previous lease there was provision for a rent reduction after the first sixty months, however, that lease was voided by Dumor’s entering into Chapter Eleven under the National Bankruptcy Act.”
On October 31, 1973 Dumor Avionics, Inc. advised Hangar One, Inc. in writing of its intention to exercise its option under the October 1968 lease agreement for an additional 60 months at $432 per month and enclosed in its letter a rent check for this amount for the month of November 1973. Dumor continued to pay $432 per month rent through June 1974. On the other hand, Hangar One demanded $750 per month. This controversy culminated in Hangar One giving notice to Dumor to vacate.
Dumor having refused to quit the leased premises, Hangar One on June 21, 1974 filed the instant action for unlawful detention. The complaint prayed for possession *97 of the leased premises and damages consisting of the difference between the $432 monthly rental tendered by Dumor and the $750 per month rental claimed to be due by Hangar One. In response thereto, Dumor filed an answer and counterclaim wherein it sought to have the trial court determine that the October 1968 lease was in full force and effect and it was lawfully entitled to possession of the leased premises. The cause was tried non-jury and thereafter the trial judge entered a final judgment, and on November 18, 1974 the following amended final judgment:
“ORDERED AND ADJUDGED that final judgment be and the same is resolved in favor of the plaintiff, Hangar One, Inc., and against the defendant herein, Dumor Avionics, Inc., as follows:
“1. That the plaintiff, Hangar One, Inc., does have judgment against the defendant, Dumor Avionics, Inc., in the total amount of $5,765.76, for which let execution issue;
“2. That attorney’s fees be and the same are hereby awarded to the plaintiff, Hangar One, Inc., in the amount of $950.00, to be forthwith paid by the defendant, Dumor Avionics, Inc., to the plaintiff’s attorney Henry W. Krystow, for which let execution issue;
“3. That costs are hereby assessed in favor of the plaintiff, Hangar One, Inc., and against and to be paid by Dumor Avionics, Inc., the defendant, forthwith, in the amount of $114.00, for also which let execution issue;
“4. Henceforth the defendant, Dumor Avionics, Inc., is to continue to pay $750.00 monthly rent to the plaintiff, Hangar One, Inc., commencing October 1, 1974, and it is to have one more year of rental commencing January 1, 1975.”
Dumor Avionics, Inc. appeals therefrom and Hangar One, Inc. filed a cross-appeal.
Dumor basically contends that Hangar One waived any default occasioned by Du-mor s bankruptcy by Hangar One’s acceptance of rent after the default and with full knowledge thereof. We cannot agree.
The question of waiver usually is one of fact to be tried on the issues properly defined by the pleadings. Davis v. Davis, Fla.App.1960, 123 So.2d 377; Chaikin v. Skolnick, Fla.App.1967, 201 So.2d 588.
Implicit in the trial judge’s ruling as appears in the record and in the amended final judgment is the determination (based upon the conflicting testimony) by the judge, the trier of the facts in the case at bar, that Hangar One, Inc. did not waive any default by permitting Dumor to continue in possession of the leased premises and accepting the rent. There is substantial competent evidence in the record reflecting that Hangar One orally notified Dumor that because of the bankruptcy proceedings, the October 1968 lease was null and void; but Dumor, nevertheless, could continue in possession as a tenant from month to month. Thus, we will not disturb this finding of the trial judge on appeal.
Hangar One, Inc. cross-appeals and argues that the trial judge erred in refusing to award possession of the premises to it. We find this point meritorious.
In light of the trial judge’s determination that the 1968 lease was in default and, therefore, Dumor was a tenant from month to month and Hangar One did have the right to increase the monthly rental, then it follows that Hangar One, upon giving proper notice to Dumor to vacate the leased premises, was entitled to possession thereof. Dumor being a tenant at will from month to month, the trial judge erred in refusing to grant plaintiff, Hangar One, a writ of possession as requested and further erred in permitting Dumor to remain in possession of the leased premises until December 31, 1975. In effect, the trial judge attempted to rewrite the lease agreement which is not authorized. See City of *98 Tampa v. City of Port Tampa, Fla.App.1961, 127 So.2d 119; Florida East Coast Railway Co. v. Atlantic Coast Line Railroad Co., Fla.App.1966, 193 So.2d 666.
Accordingly, we remand the cause to the trial court with directions to strike paragraph 4 of the amended final judgment and to grant plaintiff, Hangar One, Inc., a writ of possession. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part and remanded with directions.

. “THE COURT: All right, gentlemen, I am ready to rule.
* * * * *
“Also, the testimony is clear the $750 was paid by the tenant, and that wasn’t challenged. The bookkeeper came down here.”