BARFIELD, J.
James Eads appeals the summary judgment entered for Traffic Control Devices, Inc. on his claim for wrongful discharge in violation of Section 440.205, Florida Statutes (2005). The summary judgment also disposed of Eads’ claim for unpaid benefits which was not before the court in appellee’s motion for summary judgment. There must be no issue of material fact for the trial court to grant summary judgment. Fla. R. Civ. P. 1.510(c). The trial court must draw every possible inference in favor of the party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla.1985). Where different inferences can be drawn from uncontroverted facts, summary judgment is not available. Pan Am. Distrib. Co. v. Sav-A-Stop, Inc., 124 So.2d 753 (Fla. 1st DCA 1960).
According to the appellant, while on a job in Jacksonville he aggravated a preexisting workers’ compensation back injury, and was told by a supervisor, Duncan, to go to the doctor. In addition, Duncan informed the appellant that he would advise appellee’s human resources manager, Kemp, about this. On that same day Duncan called and told appellant to return to the Youngstown office. When the appellant arrived there the following day he was informed by Duncan that his employment was terminated.
A faxed document from Duncan to Kemp contained the following handwritten note:
Due To The unusuall (sic) circumstance RE: Mike Eads, I Am Having Difficulty Filling out His Termination Report! As you know, Mike was Told To Apply For workmans Comp. In Filling out THE Termination Report, There is no Category That Fits This Type of Criteria, Except The Remark Box. Is This what you want Me To write In THE Remarks Box? If So call me, If Not, you write what To Say In THE uncompleted Report Attached, And I will copy To oRiGinaL and siGn.
It is reasonable to draw from this note the inference that Eads was terminated for filing a workers’ compensation claim. Drawing this inference precludes granting summary judgment. The judgment is reversed and the case remanded to the trial court for further proceedings.
REVERSED.
VAN NORTWICK, J., concurs; KAHN, J., concurs with result only.