Frank R. Diaz v. Parkland Estates.

154 So. 199.
Division A.
Opinion Filed March 14, 1934.

*S. S. Sandford* and *T. E. Lucas,* for Plaintiff in Error; *Altman & Cooper,* for Defendant in Error.

Davis, C. J.—Plaintiff in error relies upon Sections 4 and 5 of Chapter 14677, Acts of 1931, to reverse a judgment rendered against him in favor of Parkland Estates, a Florida corporation, that, at the time of instituting its suit and

procuring its judgment, was in default in compliance with the 1931 statutes which provide, in affirmative terms, that corporations failing for six months to comply with the provisions of that Act as to the payment of the fees and the making of the reports that such law requires, shall not be permitted to maintain any action in any court of this State until such reports are filed and all fees due thereunder are paid.

Corporations filing suits in the courts of this State are not required to affirmatively plead their compliance with Chapter 14677, Acts of 1931, as to the filing of reports and the payment of the prescribed fees collectable thereupon, but the terms of the statute are none the less applicable to a corporation in actual default, and it becomes the duty of all courts of this State to give effect to the statute by refusing to allow suits to be maintained in such courts of this State until defaults under the statute are duly remedied by the making of reports and the payment of fees, as the statute commands.

Judgments rendered in favor of corporations whose right to maintain suits has been suspended by the force and effect of a default in compliance with Chapter 14677, *supra*, are not absolutely null and void, nor is the charter of the corporation *ipso facto* forfeited thereby in the sense it becomes divested of its corporate existence, but the effect of the suspension of the right to sue at the time judgment was rendered, makes such judgment voidable in the same sense that a judgment rendered against a deceased natural person after his death is voidable, and upon the facts being called to the attention of the court rendering such judgment, it is the duty of the court to give effect to the statutory prohibition against maintenance of suit by arresting its judgment or withholding its execution thereon until the statute is

fully complied with and the right to sue revived. Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147 Sou. Rep. 860.

Failure of a defendant to plead the suspension of the corporation plaintiff's right to sue prior to entry of judgment in its favor, is immaterial, since the statute imposes a duty on the courts to recognize and enforce its terms and provisions whenever it is called to the court's attention that the right of a corporation attempting to maintain proceedings before it has become suspended through the default in compliance with provisions of the law whose non-observance *ex proprio vigore* has that effect. This is so despite the fact that until the point is raised on the record, the right of a corporation to maintain a suit in the courts of this State will be presumed so long as the contrary is not made to appear.

While we do not approve and adopt all that was said by the Supreme Court of California in deciding a case similar to this, we make reference to its opinion in Ransome-Crummey Co. v. Superior Court in and for Santa Clara County, 188 Cal. 393, 205 Pac. Rep. 446, as supporting what we here decide to be the law applicable to the present case in the light of our own statute.

The statutory suspension of a corporation's right to sue, being a mere procedural inhibition to maintain a suit in the courts of its creator State only so long as it continues in its default in making the reports and paying the dues legally exacted of it for the privilege of exercising its corporate functions, and being in the nature of a reasonable penalty imposed by law to exact conformity to a prescribed legal requirement, it is immaterial that the cause of action sued on arose before or after Chapter 14677, *supra,* was enacted.

Reversed for appropriate proceedings.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.