67 So.2d 424 (1953)
1825 COLLINS AVE. CORP.
v.
RUDNICK et ux.
Supreme Court of Florida. Division A.
October 6, 1953.
Sibley & Davis, Miami, for appellant.
Jack Kehoe, Miami, for appellees.
SEBRING, Justice.
On March 20, 1952, the 1825 Collins Avenue Corporation, a Florida corporation, instituted a suit for damages against Benjamin Rudnick and Sophia Rudnick, his wife. To a second amended complaint, the Rudnicks, on October 10, 1952, filed an answer setting up their defenses on the merits, and also averring "that plaintiff corporation has lost its right to maintain this or any action in any Court of the State of Florida because of its failure to make reports and pay its capital stock tax for the years 1951 and 1952 as required by law. * * *" On November 24, 1952, the Rudnicks moved for the entry of a summary judgment in their favor on the basis of certain affidavits and depositions on the merits of the cause. In their motion for summary judgment they pointed out again the corporation's delinquency in respect to making reports and paying its capital stock tax for the years 1951 and 1952.
Before a hearing could be held on the motion for summary judgment, the plaintiff corporation filed all necessary returns and paid all corporation taxes due the state, but this fact was never made known to the trial court during the course of the entire proceeding. Subsequently, on December 12, 1952, the motion for summary judgment came on for hearing at which time the plaintiff corporation, through its counsel, advised the trial judge that in light of the defendant's having raised, by their answer and motion for summary judgment, the question of the corporation's failure to comply with the law regarding the making of reports and the payment of annual corporation taxes, the corporation was disqualified to maintain the suit or defend against the *425 motion for summary judgment, and consequently that its suit ought to be dismissed, under the provisions of section 610.11, Florida Statutes 1951, F.S.A., which prescribe:
"Any corporation failing to comply with the provisions of this law for six months shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all fees due under this chapter paid."
After being thus advised by counsel for the plaintiff corporation, the trial court refused to dismiss the suit at the request of the plaintiff but, instead, heard and decided the defendants' motion for summary judgment on the merits and entered judgment in their favor.
Thereafter the plaintiff corporation appealed from the adverse judgment and raised as the question for decision whether the trial court committed reversible error by refusing to enter an order of dismissal on its own motion after being put on notice by the allegations of the answer filed by the defendants that at the time of the institution of suit the plaintiff was not entitled to maintain the suit by reason of the provisions of section 610.11, Florida Statutes 1951, F.S.A.
It is apparent from the foregoing statement of the proceedings in the case that at no time did either party to the cause file a motion to dismiss the cause because of the plaintiff corporation's delinquency. The court below would therefore seem to have been fully justified in proceeding to final judgment under the rule stated in Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147 So. 860, 861, wherein a similar situation arose involving the applicability of the statute here in question to the situation of a plaintiff corporation whose delinquency had been cured by payment after the filing of the answer suggesting the delinquency but before trial and entry of judgment in favor of the plaintiff, namely:
"There is no law or rule of court which required the dismissal of the cause by the court of its own motion, and no motion was made to dismiss on this ground. In the absence of such a motion made during the pendency of the suspension of charter privileges, we are not here called upon to determine what the rights of the parties would be in a case where such a motion for such cause as so made." (Emphasis supplied.)
In respect to the contention of the appellant in the case at bar, we do not overlook the fact that in Diaz v. Parkland Estates, 114 Fla. 273, 154 So. 199, 200, the statement appears, respecting corporate delinquency, that "upon the facts being called to the attention of the court * * * it is the duty of the court to give effect to the statutory prohibition against maintenance of suit by arresting its judgment or withholding its execution thereon until the statute is fully complied with and the right to sue revived." But the Diaz case was one in which the delinquency was not cured during the progress of the trial; consequently the judgment rendered therein was voidable at the instance of the party who brought the fact to the attention of the court by proper motion, and procured an affirmative ruling thereon, even though the motion was not made until after the rendition of a judgment on the merits. The present case under consideration, involving as it does a situation in which no motion to dismiss on the ground of delinquency was ever made and in which the delinquency was cured before the hearing on the motion for summary judgment and the rendition of judgment thereon, is obviously not controlled by the principle stated in Diaz v. Parkland Estates, supra.
If it should be thought that perhaps the method by which the plaintiff corporation, through its counsel, "suggested" the dismissal of its own suit for its own delinquency ought to have been regarded by the trial court as the equivalent of a motion to dismiss on that ground, it should not be overlooked that this suggestion was not made until after the delinquency upon which it depended had been cured by the filing of the appropriate returns with the Secretary of State, and the payment of the delinquent corporation tax in full. And although through mistake or ignorance the fact of the payment of the delinquent tax *426 by the plaintiff corporation was never brought to the attention of the trial court, that omission would now appear to be immaterial in the light of the true existing facts, since the action of the trial judge was the only course which would have been proper had all the facts been laid before him prior to his ruling on the matter. There can be no other conclusion upon the state of the facts as they actually existed at the time of the ruling, even though they were unknown to the trial court; for the rule is clear from the controlling cases that disqualification to maintain a suit, under section 610.11, Florida Statutes 1951, F.S.A., merely renders the cause dormant until the corporation files its report and pays the delinquent tax; whereupon the right to continue the maintenance of the suit is revived and all the legal rights of the corporation are restored. Jarvis v. Chapman Properties, Inc., supra. This rule, of course, is subject to the qualification that where a party obtains a ruling on a motion to dismiss under section 610.11 before the delinquency has been cured such party is entitled to have the suit dismissed on the motion. See Irwin v. Gilson Realty Company, 117 Fla. 394, 158 So. 77.
What is said above in respect to the situation that obtains where a corporate plaintiff becomes delinquent after it has instituted suit, is likewise applicable to the case in which the corporate plaintiff is in default at the time of the institution of suit. This is so for the reason that section 610.11, Florida Statutes 1951, F.S.A., does not preclude the institution of suit but only the maintenance of suit while it is in arrears. "The rule generally approved is that where the statute merely forbids the maintenance of a suit * * * it is not prohibited from instituting one; but, if challenged, further action on it is stayed or it becomes dormant pending the corporation's compliance with the law. * * *" Burton v. Oliver Farm Equipment Sales Co., 121 Fla. 148, 163 So. 468, 469.
At the time the court ruled on the motion for summary judgment and rendered its final judgment on the merits, the plaintiff corporation was in good standing under chapter 610, Florida Statutes 1951, F.S.A., and was entitled to go forward with its suit. Being lawfully entitled at that time to maintain suit, it was under the duty and obligation, if it desired to protect its rights, to respond on the merits of the motion. Having failed to do so it cannot now be heard to complain merely because of the fact that the trial court refused to act favorably upon its suggestion that its own suit be dismissed upon the ground of a delinquency that did not then exist.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.