136 So.2d 244 (1962)
COR-GAL BUILDERS, INC., a Florida Corporation, and U.S. Fidelity and Guaranty Co., a Maryland Corporation, Appellants,
v.
Scotty SOUTHARD, d/b/a Scotty Tile and Terrazzo Contractor, Appellee.
No. 61-285.
District Court of Appeal of Florida. Third District.
January 4, 1962.
Rehearing Denied January 26, 1962.
*245 Herman Grayson, Miami Beach, for appellants.
Feibelman, Friedman, Hyman & Durant, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellants, subsequent to a jury verdict and final judgment adverse to them, seek reversal of said judgment because of the failure of the trial judge to dismiss the proceedings upon its being called to the court's attention, during the course of the trial, that the appellee had failed to comply with the Fictitious Name Law, Fla. Stat. 865.09, F.S.A.
The appellee, as plaintiff below, instituted the action, stating in his complaint and amended complaint that the action was brought by Scotty Southard, d/b/a Scotty Tile and Terrazzo Contractor. No issue as to this allegation was raised by the appellants-defendants, either in preliminary motions or in their answers, nor at the time of the pre-trial conference of this matter. After the trial of the matter commenced and the jury had been impanelled, counsel for the appellants-defendants made an ora tenus motion to dismiss the action for failure of the appellee-plaintiff to comply with the Fictitious Name Law. This motion was denied and this is urged as error by the appellants in seeking reversal of the final judgment entered in the trial court. It is clear from this record that at no time pertinent to this cause has the appellee registered under the Fictitious Name Law.
Section 865.09 of the Florida Statutes, F.S.A. reads, in part, as follows:
"It shall be unlawful for any person or persons, as defined herein, to engage in business as herein defined, under a fictitious name as herein defined, without and unless said fictitious name shall be registered with the clerk of the circuit court of the county where the principal place of business is. * * *

*246 "The penalty for failure to comply with this law shall be that neither the business nor the members nor those interested in doing such business may defend or maintain suit in any court of this state, either as plaintiff or defendant, until this law is complied with."
The appellants urge that the failure to comply with this statute may be raised at any stage of the trial proceedings, at which time the cause must be dismissed. The appellee contends that the provisions of the statute may be waived in a particular proceedings if not timely raised by the defendants, relying on F.R.C.P. 1.9(a), 30 F.S.A.
No decisions under the statute have been called to our attention by counsel for the respective parties, and our independent research has revealed none. The appellants urge that although there are no decisions under this statute, there are decisions of the Florida Supreme Court under similar provision of the corporate code, F.S. § 608.35, F.S.A., which prevent a corporation from maintaining an action when its failure to pay annual corporate stock taxes is brought to the attention of a trial judge. See: Diaz v. Parkland Estates, 114 Fla. 273, 154 So. 199; Irwin v. Gilson Realty Co., 117 Fla. 394, 158 So. 77. Although the wording of these statutes may be similar, the purposes of the statutes are different. The Fictitious Name statute was enacted for the purpose of providing notice to anyone dealing with a person operating under a fictitious name with the name and address of the real party in interest. 45 A.L.R. 203; 42 A.L.R.2d 521, and cases cited therein. The provision relative to corporations maintaining actions was enacted by the Legislature for the purpose of aiding in the collection of tax revenue for the State. See: Diaz v. Parkland Estates, supra; 7 Fla.Jur., Corporations § 317. The appellants moved to dismiss this action, and even if the corporate law was applied, which we do not hold here, the action would only be abated until such time as the statute was complied with. See: 1825 Collins Ave. Corp. v. Rudnick, Fla. 1953, 67 So.2d 424.
A review of decisions in other states collected in annotations, contained in 45 A.L.R. 270 and 42 A.L.R.2d 565, indicates that the provisions of similar statutes in other states have been held to be the subject of waiver by the conduct of the parties. Failure to comply with the statute is not a prohibition preventing activation of the jurisdiction of the trial court, but is an inhibition to maintain an action which would arise when the infirmity is timely called to the attention of the trial judge. In view of the provisions of F.R.C.P. 1.9(a), the plaintiff having set forth the capacity within which he brought his action, it was incumbent upon the defendants, no later than their answers, to call this matter to the attention of the trial court by negative averment. This the defendants did not do and, therefore, the right to raise the prohibition of the statute was waived and the action of the trial judge was correct.
Affirmed.
PEARSON, TILLMAN, C.J., concurs specially.
PEARSON, TILLMAN, Chief Judge (concurring specially).
While I am in accord with the decision reached on this appeal, I am of the view that the opinion goes further than is necessary. The statute under construction prohibits a plaintiff from maintaining a suit until the statute is complied with. The majority opinion first holds that a failure to comply with the statute must be called to the court's attention for the court to enforce the statute. The opinion then holds that the failure to comply with the statute must be called to the court's attention during the pleading stage for the statute to be effective. At this point I depart from the reasoning of the majority because I would hold that the failure to comply may be *247 brought to the court's attention at any time prior to final judgment.
Whenever the moving party waits until trial to make its motion it is proper to complete the trial. To hold otherwise would give a defendant-movant an unconscionable advantage.
The trial being completed there remains the disposition of post-trial motions and the entry of final judgment. These steps in the disposition of the cause also constitute maintaining a suit. I would, therefore, hold that the statute requires the court to recognize a proper motion made prior to final judgment. The remedy would be the same as that followed at the pleading stage: the cause would be stayed until the law is complied with.