140 So.2d 601 (1962)
Ray E. GREEN, As Comptroller of the State of Florida, and W. Herman Meeks, Jr., As Tax Collector of Broward County, Florida, Appellants,
v.
Frederick C. PETERS et al., Appellees.
No. 3052.
District Court of Appeal of Florida. Second District.
April 13, 1962.
Rehearing Denied May 15, 1962.
*602 Chancey & Chancey, Ross, Norman & Cory, and John U. Lloyd, Fort Lauderdale, for appellants.
McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellees.
SMITH, Judge.
This is an interlocutory appeal from an order amending the complaint, summons and sheriff's return. The amendment inserted the word "as", immediately following the words "Ray E. Green" and immediately prior to the words "Comptroller of the State of Florida."
The appellees, as plaintiffs, filed their complaint in great length making numerous assaults upon the 1961 Tax Assessment Roll of Broward County. The allegations of the complaint were to the effect that numerous statutes of the State pertaining to the assessment of these taxes were unconstitutional, as well as alleging that the tax assessment roll was, in numerous respects, not prepared in accordance with the statutes. The appellees have filed their motion to quash and motion to dismiss the appeal on the grounds that this court does not have jurisdiction. In view of the fact that Florida Appellate Rule 2.1, subd. a(5) (d), 31 F.S.A. provides that: "When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction"; the motion to quash and motion to dismiss are not in order, however, and prior to consideration of the merits, we must determine the question of our jurisdiction.
Insofar as pertinent here, the controlling provisions of the Constitution are as follows:
Article V, Section 4(2), F.S.A.:
"Appeals from trial courts may be taken directly to the supreme court * * * only from * * * decrees directly passing upon the validity of a state statute * * * or construing a controlling provision of the Florida or federal constitution. * * * The supreme court may directly review by certiorari interlocutory * * * decrees passing upon chancery matters which upon a final decree would be directly appealable to the supreme court. * * *"
Article V, Section 5(3):
"Appeals from trial courts * * * may be taken to the court of appeal * * * from all * * * decrees except those from which appeals may be taken direct to the supreme court * * *."
The fact that a complaint prays for a decree directly passing upon the validity of numerous state statutes and construing alleged controlling provisions of the Florida Constitution does not ipso facto mean that any decree entered in such a cause has directly passed upon the validity of a state statute or construed a controlling provision of the constitution. The decree appealed from neither directly passed upon the validity of a state statute, nor did it construe a controlling provision of the Florida Constitution as was the fact in City of Miami v. Aronovitz, Fla. 1959, 114 So.2d 784. Neither can we say that the decree appealed from "was nevertheless an interlocutory step in a proceeding in which the ultimate determination of the validity of the statute involved is absolutely inescapable," as were the facts in Cramp v. Board of Public Instruction of Orange County, Fla. 1960, 118 So.2d 541. In view of the allegations of the complaint seeking relief by a decree which could grant the relief sought without directly passing upon the validity of a state statute or construing a controlling provision of the Florida Constitution, we cannot say that if a "decree were rendered upon the complaint as framed, it would inevitably require the trial court to pass directly upon a state statute and conceivably construe a controlling provision of * * * State *603 Constitutions," as were the facts in Odham v. Foremost Dairies, Inc., Fla. 1961, 128 So.2d 586. Precedent firmly establishes the proposition that the decree of any court will not directly pass upon the validity of a state statute nor construe a controlling provision of the Florida Constitution if the case at bar may be determined on other basis. State v. Bruno, Fla. 1958, 104 So.2d 588. A constitutional issue raised by pleadings may become immaterial to the disposition of the litigation. Moffett v. Ashby, Supreme Court of Florida, 139 So.2d 133. We, therefore, find that we have jurisdiction.
The Comptroller contends, in effect, that Ray E. Green was sued as an individual and not in his representative capacity and that the Comptroller was an indispensable party and that the order permitting the amendment was entered after the statutory time for instituting such a suit had expired and the court was, therefore, without jurisdiction to enter that order. The defendant, W. Herman Meeks, Jr., as Tax Collector of Broward County, Florida, filed his joinder in appeal, to which the appellees object, contending that a party may not file a joinder in appeal in an interlocutory appeal. This contention is without merit. Florida Appellate Rule 4.2 establishes the practice and procedure on interlocutory appeals and provides that except as modified by that Rule, the other Rules apply to interlocutory appeals. One of the other Rules thereby so applying is Rule 3.11, subd. b permitting joinder in appeal.
The complaint alleges that the defendant, Ray E. Green, is the duly elected, qualified and acting Comptroller of the State of Florida and that he is made a party defendant by virtue of the provisions of Section 196.14, Florida Statutes, F.S.A. The summons was directed to the defendant, Ray E. Green, Comptroller of the State of Florida, Tallahassee, Florida. The sheriff's return certifies service on Ray E. Green, Comptroller of the State of Florida, the within named defendant, by delivery of a copy of the writ and a copy of the complaint. Upon motion to dismiss, the court held that the designation of the defendant, Ray E. Green, Comptroller of the State of Florida, is merely description personae and granted the motion, citing Thomas v. Martin, 1930, 100 Fla. 146, 129 So. 602, and suggested that this be cured by stipulation for an amendment (to which the Comptroller did not agree) and with leave to the plaintiffs to amend their complaint as to that defendant within fifteen days. In the interim, the court had dismissed the cause as to W. Herman Meeks, Jr., individually, and granted his petition to intervene as Tax Collector of Broward County. Subsequently, the plaintiffs filed a motion for leave to amend and the court granted the order from which the Comptroller and the Tax Collector appealed.
Section 196.14, Florida Statutes, F.S.A., provides that no suit or proceedings shall be maintained in any court of this state for the purpose of canceling or contesting the validity of any tax assessment or tax certificate unless the Comptroller of the state be made a party to such proceedings. The attorney for the Board of County Commissioners is designated to represent the Comptroller. Section 196.03, Florida Statutes, F.S.A., requires the Tax Collector to be a party defendant, and service upon the Tax Collector shall be deemed binding upon the county, state or municipality for whose benefit the tax was levied. Section 192.21, Florida Statutes, F.S.A., provides that no tax assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final.
We refrain from commenting upon the order of the court finding that the Tax Collector and the Comptroller were sued as individuals and not in their representative capacity and the many other interesting questions of law separately raised by the parties, for the reason that this is an interlocutory appeal solely from the order allowing the amendment and these questions *604 are not presented to us for decision, excepting only as they bear upon the subsequent order permitting the amendment.
Florida Rules of Civil Procedure 1.8(a), 30 F.S.A. abolishes technical forms of pleadings, and paragraph (g) therein requires that all pleadings shall be construed so as to do substantial justice; Rule 1.9(a) requires that a party desiring to raise an issue as to the capacity of a party to be sued in a representative capacity shall do so by specific negative averment; Rule 1.15(a) provides that leave to amend shall be freely given when justice so requires, paragraph (c) therein provides that whenever the claim asserted in the amended pleading arose out of the transaction attempted to be set forth in the original pleading, then the amendment shall relate back to the date of the original pleading, and paragraph (e) provides that the court may, at any time in in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended and that the court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties; and Rule 1.17(a) provides that any person may, at any time, be made a party if his presence is necessary or proper to a complete determination of the cause.
The Tax Assessment Roll of Broward County was, after equalization hearings, completed on October 2, 1961, by endorsement of the Board of County Commissioners. Since Section 192.21, Florida Statutes, F.S.A., provides that no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, and since the order allowing the amendment was entered subsequent to this sixty day period, and recognizing that Section 192.21, Florida Statutes, F.S.A., was held to be constitutional in Chatlos v. Overstreet, Fla. 1960, 124 So.2d 1, and since it became the law of this case, by order not appealed, that the Comptroller was not sued in his representative capacity, the question: Should the amendment be allowed?, becomes one of substance. In considering this question, we note that Section 192.21, Florida Statutes, F.S.A., has been construed as providing only a terminal limitation upon the right to institute suit. Chatlos v. Overstreet, supra.
In Dade County v. DuPont Plaza, Inc., Fla.App. 1960, 117 So.2d 849, the court held that it was error for the chancellor to entertain a suit to enjoin the certification of a tax assessment roll where the comptroller had not been made a party as required by Section 196.14, Florida Statutes, F.S.A.
In Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662, the appellant filed his complaint against Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida. Process was issued and directed to that defendant. The sheriff's return showed service on Robert M. Snyder, sole owner of Clearwater Construction Co., not incorporated, the within named defendant. Snyder appeared specially and moved to dismiss the complaint or to quash the process and service on the ground that the complaint was against Clearwater Construction Company, a corporation, which is a non-existing corporation, and the service was on Snyder, individually, as sole owner of Clearwater Construction Company, not incorporated. Appellant requested permission to amend the complaint by showing the defendant to be Snyder. The motion to amend was denied, and a motion to dismiss was granted. In reversing, the court stated that by the adoption of the Rules of Civil Procedure in 1950, we have introduced much greater liberality into our system of pleading and practice and if the basic cause of action is not changed and the amendment merely corrects a misnomer or description of the party-defendant, then it is not tantamount to a new cause of action, and the cause was reversed with directions to grant the motion to amend.
*605 The amendment in this cause did not change the basic cause of action and it merely corrects a misnomer or description of the party defendant.
We have consideered the other errors assigned, and finding no error, the order amending the complaint, summons and sheriff's return is affirmed.
SHANNON, C.J., and WHITE, J., concur.