CARROLL, Judge.
The appellees, the owners of certain real estate in Dade County, sued in equity for reduction of an annual ad valorem tax assessment. Their suit, as required under § 192.21 Fla.Stat., F.S.A., was commenced “within sixty days from the time the assessment shall become final.” But they failed to make the state comptroller a party defendant, although by express statutory provision[1] the suit could not be maintained without him.
The defendants, the county manager, tax assessor, tax collector and county commissioners, moved to dismiss the complaint as not stating a cause of action and for failure to join the state comptroller. The chancellor denied the motion to dismiss and allowed the plaintiffs to amend to join the comptroller. That interlocutory order is the subject of appeal No. 62-444. An amended complaint was filed joining the comptroller as a defendant after the 60-day period for commencement of the suit. The defendants then moved to dismiss the amended complaint for failure to join the comptroller within the time for filing suit. The order denying the second motion to dismiss is the subject of appeal No. 62-443. The two appeals were consolidated for briefing and argument.
The determinative question on the appeal from the first order is whether it was es *402 sential to jurisdiction that the comptroller be joined at the outset of the case.
Appellants contend the statute which provides that such a suit can not be maintained unless the comptroller is made a party, means that suit can not be instituted without him. Appellees argue that “maintained,” as used in the statute[2] should be considered to mean the progress of an action to completion rather than its commencement. The word “maintained” when used with reference to actions has been interpreted both ways.[3] We agree with the ap-pellees that “maintained” as used in this statute relates to the progress of the cause and not to its institution. This view is supported by interpretations which have been given to two analogous statutes which prohibit maintenance of actions by persons lacking qualifications. Thus a statute which denies to a corporation the right to maintain -or defend suits when in default of filing required annual reports or in the payment of capital stock taxes,[4] has been held not to relate to institution of suit but to progressing it. Burton v. Oliver Farm Equipment Sales Co., 121 Fla. 148, 163 So. 468; 1825 Collins Ave. Corp. v. Rudnick, Fla.1953, 67 So.2d 424. Also, the fictitious name statute,[5] which prohibits maintenance of an action until the statute is complied with, has been considered as not preventing the institution of suit but rather its progress. Cor-Gal Builders, Inc. v. Southard, Fla.App.1962, 136 So.2d 244.
We conclude, therefore, that the chancellor committed no error in denying the first motion to dismiss, and we affirm the order appealed from in case No. 62 444.
In seeking reversal of the order denying the second motion to dismiss, the appellants argue that since the presence of the comptroller as a party was necessary to the maintenance of the suit, he could not be joined after the expiration of the 60-day limitation period. The argument lacks merit. The allegations of the complaint were not directed against the comptroller, nor was he responsible for defense of the cause on the merits. By statute, however, the comptroller was an indispensable party without whose joinder the suit could not proceed to a conclusion.[6] As a party, he was entitled to notice of the proceedings and opportunity to be heard with respect to the phases of the matter upon which the entry of the decree could affect the state revenue, and the statute was complied with by joining him at a stage of the proceedings which afforded reasonable opportunity to plead and be heard. The chancellor acted within his discretion in allowing joinder of the comptroller after the 60-day period for commencing suit. We do not regard the case of Green *403 v. Peters, Fla.App.1962, 140 So.2d 601, as holding otherwise. See Paper Container Mfg. Co. v. Dixie Cup Co., 3 Cir., 1948, 170 F.2d 333, reversing 74 F.Supp: 389 (D.C.Del.1947).
Affirmed.

. Section 196.14 Fla.Stat., F.S.A., reads: “No suit or proceeding shall be maintained in any court of this state for the purpose of canceling or contesting the validity of any tax assessment or tax certificate unless the comptroller of the state be made a party to such proceedings. * * * t*

. See note 1.

. In 54 C.J.S. Maintain p. 902, it is said: “Applied to actions. It has been held that the word ‘maintain,’ when applied to actions, has three meanings. One meaning of the term is to commence; to begin; to bring; to institute. However, it has been said with reference to actions that ‘maintain’ means something more than to commence, and carries a different meaning from ‘begin’ or ‘institute.’ Thus the second meaning of the word is to continue; to carry on; to support, ns contradistinguished from to institute, the action that has already been brought; to persevere in or with; to commence and prosecute to a conclusion. In accordance with this view, it has frequently been said that to maintain a suit is to uphold, continue on foot, and keep from collapse a suit already begun. 'Where the word is employed to signify either the first or second meaning, it may comprehend the institution as well as the support of the action, including the commencement of or right to institute an action, and in this sense it implies that an action must be begun before it can be maintained. The third meaning of the term is to commence and prosecute to a conclusion that which has already been begun. In addition, the term is often used to signify an action yet to be instituted. A prohibition against the maintaining of an action or suit may or may not indicate a prohibition against beginning or commencing it.”

. Sec. 608.35 Fla.Stat., F.S.A.

. Sec. 865.09 Fla.Stat., F.S.A.

. See note 1.