158 So.2d 129 (1963)
Irving G. McNAYR, as County Manager of Dade County, charged with the duties and obligations of the Tax Assessor of Dade County, Florida, et al., and Ray E. Green, as Comptroller of the State of Florida, Petitioners,
v.
CRANBROOK INVESTMENTS, INC., a Florida corporation, et al., Respondents.
Irving G. McNAYR, as County Manager of Dade County, charged with the duties and obligations of the Tax Assessor of Dade County, Florida, et al., Petitioners,
v.
CRANBROOK INVESTMENTS, INC., a Florida corporation, et al., Respondents.
Nos. 32414, 32414-A.
Supreme Court of Florida.
December 4, 1963.
Darrey A. Davis and St. Julien P. Rosemond, Miami, for petitioners.
Irving Cypen Law Offices, Miami Beach, for respondents.
ROBERTS, Justice.
This case is before us on a petition for writ of certiorari filed by the County Manager, Tax Assessor, Tax Collector and County Commissioners of Dade County, and Ray E. Green, as Comptroller of the State of Florida, in which they seek review by the Supreme Court of Florida of a decision of the District Court of Appeal, Third District, contending that the latter appellate court's decision is in direct conflict with two decisions of the Supreme Court and at least one decision of the District Court of Appeal, Second District. *130 Probable jurisdiction was noted, the writ was issued, and arguments of counsel for the parties have been heard by this court.
The District Court of Appeal, Third District, on November 13, 1962, 146 So.2d 400, rendered its decision affirming two consolidated interlocutory appeals from the Circuit Court for Dade County.
Petitioners contend that the Chancellor should have granted the motion to dismiss for failure of defendant to join the State Comptroller as a party defendant in a suit in equity for reduction of an annual ad valorem tax assessment. Petitioners further contend that the Chancellor erred in failing to dismiss the amended complaint for failure to join the Comptroller within the sixty-day time limit for filing suit. Affirmance by the District Court of Appeal, petitioners contend, brings the District Court's decision in conflict with expressions in 1825 Collins Ave. Corp. v. Rudnick, Fla., 67 So.2d 424 and Irwin v. Gilson Realty Company, 117 Fla. 394, 158 So. 77, and with Green v. Peters, Fla.App., 140 So.2d 601.
The respondents are owners of real estate in Dade County, Florida, who brought a suit in equity for reduction of an annual ad valorem tax assessment. The complaint was filed within sixty days from the time the assessment became final as required by Sec. 192.21, Florida Statutes, F.S.A., but it failed to make the Comptroller of the state a party to the proceedings as required by Sec. 196.14, Florida Statutes, F.S.A. The petitioners filed a motion to dismiss the complaint as not stating a cause of action and for failure to join the state Comptroller. The Chancellor heard argument, considered memoranda of law submitted by the parties and entered his order June 4, 1962 denying the motion to dismiss but granted respondents leave to amend by adding the Comptroller of the state as a party defendant. The order granted petitioners twenty days from date of service upon the Comptroller to file responsive pleadings. The complaint was amended and thereupon the Comptroller and the County Manager et al. filed separate motions to dismiss addressed to the amended complaint which added the Comptroller as a party defendant. Necessarily the amendment to the complaint was filed after the expiration of sixty days from the time the questioned assessment became final because the assessment became final on the first Monday in October, 1961, some six months before the Chancellor ruled. The lower court thereafter heard arguments on the motions to dismiss addressed to the amended complaint and thereupon denied in one order both motions.
Upon appeal of the two consolidated orders the District Court determined that the word "maintained", as used in F.S. Sec. 196.14, F.S.A., relates to the progress of the cause and not to its institution. It determined that it was not essential to jurisdiction that the Comptroller be joined at the outset of the case and therefore affirmed the order of the Chancellor denying the motion to dismiss and allowing an amendment to the complaint. The District Court then considered the question of whether the Comptroller could be joined after expiration of sixty days from the date the assessment became final and concluded that the Chancellor was within his discretionary rights in allowing the amendment.
It is our opinion that the word "maintained", as used in Sec. 196.14, "No suit or proceeding shall be maintained in any court of this state for the purpose of cancelling or contesting the validity of any tax assessment or tax certificate unless the comptroller of the state be made a party to such proceedings * * *" does not prohibit the institution of an action, but, if challenged, further action is stayed pending compliance with the law. Burton v. Oliver Farm Equipment Sales Co., 121 Fla. 148, 163 So. 468; 1825 Collins Ave. Corp. v. Rudnick, Fla., 67 So.2d 424. The holding in Dade County v. Dupont Plaza, Inc., Fla.App., 117 So.2d 849, that it was *131 improper "for the chancellor to entertain the suit and grant the injunction when the Comptroller had not been made a party as required for the maintenance of such a suit by § 196.14, Fla. Stat., F.S.A." (Italics ours) is not contrary to this view. It follows therefore that the court has the discretionary power to allow an amendment to add the Comptroller as party defendant under the Rules of Civil Procedure Rule 1.15, 30 F.S.A., and the amendment then relates back to the time of the original pleading. Thus in the instant case the suit was properly instituted within the time limitation of Sec. 192.21 because the amendment to add the Comptroller related back to the date of the institution of the suit. The result of the judgment in Green v. Peters, 140 So.2d 601, 605, is the same.
The contention of the petitioners that the lower court was required to dismiss the action upon petitioners motion to dismiss for failure to join the Comptroller is without merit, gratuitous expressions in 1825 Collins Ave. Corp. v. Rudnick, Fla., 67 So.2d 424 and in Irwin v. Gilson Realty Co., 117 Fla. 394, 158 So. 77 to the contrary notwithstanding. In 1825 Collins Ave. Corp., supra, the court was concerned with whether the suit should be maintained under Sec. 610.11, F.S. 1951, F.S.A. The effect of a motion to dismiss for non-compliance with the statute was not involved since neither party had filed a motion to dismiss. The limitation on the rule there promulgated by a statement to the effect that the ruling would be otherwise were the facts otherwise is not a precedent for the ruling desired by the petitioners. In the Irwin case, supra, the question was whether a corporation had the right to maintain a suit without having complied with the statute. There was no question as to whether a suit could be instituted, as distinguished from maintained, without having first complied with the law, although the court expressed its opinion on rehearing that it could not be so instituted. There was no motion to dismiss the bill and the comment of the court that "* * * the courts should grant motion to dismiss upon noncompliance * * *" was irrelevant.
We have introduced much greater liberality into our system of pleading by the adoption of the Rules of Civil Procedure in 1950 and the Amendments to those Rules, and therefore where, as in this case, the basic cause of action is not changed the amendment should be allowed. Cabot v. Clearwater Construction Company, Fla., 89 So.2d 662; Green v. Peters, Fla.App., 140 So.2d 601.
Accordingly, the writ of certiorari heretofore improvidently issued is discharged.
TERRELL, Acting C.J., and THORNAL and HOBSON (Ret.), JJ., concur.
THOMAS, J., dissents.