LANE, A. H., Associate Judge
(concurring in part and dissenting in part).
I concur in the decision of my distinguished colleagues insofar as the decision has the effect of determining that Area 2 is not legally a part of the City of Lake Wales, Florida. I must respectfully dissent from the decision, however, insofar as it results in the invalidation of the annexation of Area 1. I must disagree also with the reasoning of the accompanying majority opinion, since I do not believe this Court to have jurisdiction to consider the constitutional questions in this cause.
The factual background giving rise to this litigation is not in issue. This action challenged the annexation of Area 2, adjacent to the City of Lake Wales, Florida, on the alternative grounds that the annexation of Area 2 was not approved by a majority vote of the qualified voting electors in a special election called and held on December 7, 1965, or that Chapter 63-1513, Special Acts of Florida, 1963, which authorized the annexation, subject to referendum, was unconstitutional. The lower court declined to rule on the constitutional questions as unnecessary to a determination of the cause and entered its Summary *458 Final Decree for the appellee, Florida Citrus Canners Cooperative, enjoining and restraining the appellants, City of Lake Wales, et al., from assessing, levying and collecting any taxes and from exercising' any jurisdiction and control over the property in Area 2.
By mathematical process, the chancellor •determined, and I believe correctly, that the proposition as to whether or not Area 2 should be annexed did not carry at the special election. As is noted in the majority opinion, Chapter 63-1513, provided, in part, as follows:
“Section 7. This Act shall not take effect as to said Area 1 or Area 2 unless the annexation of such area or areas has been approved by a majority of the combined qualified electors of the City of Lake Wales, Florida, and the qualified electors residing in said Area 1 and^ Area 2 herein described, voting in an election to be called and held for that purpose. The City of Lake Wales shall provide for the registration of those electors residing in the areas to be annexed. Said registration shall be held during a full month prior to the date of the election. The ballot to be submitted shall read: VOTE ON BOTH QUESTIONS ! If you fail to vote on Question 1 your vote on Question 2 will not be •counted!
Question 1.
□ For annexation
□ Against annexation
Question 2.
□ For annexation of Areas 1 and 2
□ For annexation of Area 1 only
“The results on Question 2 shall be effective and binding only in the event a majority of those voting at the election shall cast their votes (for annexation) on Question 1
“The results of the election shall be certified by the City of Lake Wales to the Secretary of State.”
The ballot was appropriately prepared in the manner required by the Act and tabulation of the results after the election showed as follows:
Question 1.
1785) For annexation
[552 Against annexation
Question 2.
14711 For annexation of Areas 1 and 2
| 313 | For annexation of Area 1 only
In effect the chancellor reasoned that in reality three propositions were submitted to the voters with the following results: ■'
Against annexation . ¡>52
For annexation of Areas 1 and 2 472*
For annexation of Area 1 only 313
Total votes cast 1337
The lower court found that the annexation of Area 2 failed since only 472 of 1337 eligible voting electors favored the annexation of Area 2. It is apparent that the annexation of Area 1 carried, since 785 of the 1337 electors voting favored the annexation of Area 1, although this phase of the election is not in issue. The appellants, City of Lake Wales, et al., contend that the lower court erred in assuming that the 785 voters who favored annexation under Question 1 composed the 784 voters who voted on Question 2. This contention defies credence, since the 552 voters who opposed all annexation under Question 1 had expressed themselves unequivocally and in the only manner available to them. *459 The appellants assert that Question 1 and Question 2 must be considered as separate propositions, that a majority voting on Question 1 favored annexation and in turn that a majority voting on Question 2 favored annexation of Areas 1 and 2. If this line of reasoning is adopted, 552 votes cast by qualified electors on a clear and unambiguous proposition, namely, that there be no annexation, will be disregarded. The inescapable fact is that only 471 votes of a total of 1337 votes admittedly cast at the election favored annexation of Area 2.
The lower court perceived and applied the well-established rule of construction that the courts will not pass on the constitutionality of legislative enactments if the case may be decided on other grounds. In the case of Green v. Peters, Fla.App. 1962, 140 So.2d 601, this Court speaking through Judge Smith said in part:
“ * * * Precedent firmly [established] that the decree of any court will not directly pass upon the validity of a state statute nor construe a controlling provision of the Florida Constitution if the case at bar may be determined on other basis. * * * ” (italics supplied for emphasis)
Logic supports this rule and demands that it must be given increased weight in the appellate courts as well as in the trial courts when the effect of the constitutional construction will be to reach beyond the immediate relief sought as in the instant case. Additionally, the rule should be given particular recognition where the effect of constitutional interpretation is to invalidate results of popular decision at the polls.
My learned associates rely heavily on the special concurring opinion of Mr. Justice 0; Connell in the case of In re Kionka’s Estate, Fla.1960, 121 So.2d 644, wherein this able jurist recognized three possible circumstances in which district courts of appeal might originally consider statutory and constitutional construction. The first and third circumstances described in the opinion need not concern us. The second circumstance described by Mr. Justice O’Connell in which a district court might be called upon to determine the validity of statutes or construe the Constitution for the first time in a cause, even though the trial court did not pass directly thereon, is when the district court concludes that it is necessary to a decision in the cause that it construe the statute or constitutional provision. First, and without challenging the persuasiveness or the wisdom of that opinion, I do not believe that the “second circumstance” is so well established as to be treated as a rule of law or accorded the weight of stare decisis. This opinion is a learned discourse by an outstanding jurist on a tender jurisdictional point, but it is the special concurring opinion of a single member of the Supreme Court in a per curiam decision and unless and until it is adopted by a majority of the Supreme Court of Florida when the question is squarely presented, it should not be relied upon as determinative in any cause. This is particularly true since the opinion itself interprets Section 4(2), Article V, Constitution of Florida, relating to the jurisdiction of the appellate courts. In this delicate area the courts must act with restraint and circumspection. Secondly, Mr. Justice O’Connell grounds his reasoning on the predicate of necessity and I do not believe that the constitutional question needs to be reached for a determination of this cause. Even accepting the reasoning of the foregoing opinion as binding, this Court must first clearly determine and hold that the chancellor erred if it is to assume jurisdiction to consider the constitutionality of Chapter 63-1513, otherwise the predicate of necessity contemplated by Mr. Justice O’Connell has not been laid. If the lower court did not err, then this cause can be and was determined on other grounds and this Court is without jurisdiction to consider the constitutional questions. If this Court should find that the lower court did err (a conclusion with which I could not agree), then I would reverse and remand the cause to the chancellor for determination of the constitutional issues because of *460 my view that the authority of the special concurring opinion in In re Kionka’s Estate, supra, is unreliable at this time for the reasons stated.
In summary, I concur in the majority opinion to the effect that Area 2 has not .been annexed to the City of Lake Wales, Florida, but I reach this conclusion on the basis of the results of the special election which was held by the City under Chapter 63-1513, Special Acts of Florida, 1963, on December 7, 1965. I dissent from the 'reasoning with deference and with regret 'but in the persuasion that jurisdictional exceptions to the provisions of the Constitution of Florida and to well-established rules ■of statutory and constitutional construction •are to be avoided. For the reasons stated, 11 believe that the chancellor should be af-Í'irmed. If this Court should conclude that e was in error, it is my opinion that his decision should be reversed and the cause remanded to him for consideration of the constitutional questions which he specifically excluded from his prior considerations.

 785 votes were cast for annexation under ' Question 1 and a total of 784 votes were cast on the two propositions under Question 2, therefore, the unaccounted-for vote, while not material to the outcome, has been counted as favoring the annexation of Areas 1 and 2 in this tabulation.