264 So.2d 114 (1972)
EMPIRE ELECTRIC CO., Appellant,
v.
R.J. HUNT CONSTRUCTION CO., Inc., and Bank of Florida at Fort Lauderdale, Appellees.
No. 71-762.
District Court of Appeal of Florida, Fourth District.
June 30, 1972.
*115 Jack F. Weins, of Abrams, Anton, Robbins & Resnick, Hollywood, for appellant.
R.T. Shankweiler, of Patterson, Maloney & Shankweiler, Fort Lauderdale, for appellees.
MAGER, Judge.
Empire Electric Co., plaintiff below, by way of interlocutory appeal, seeks review of an order setting aside a default judgment rendered against R.J. Hunt Construction Co., Inc., defendant below, and dissolving a garnishment entered against the Bank of Florida at Fort Lauderdale, garnishee below.
At the outset we hold that the order is appealable under F.A.R. 4.2, 32 F.S.A., which rule provides for an interlocutory appeal "from orders granting or denying motions to vacate defaults", Bland v. Mitchell, Fla. 1970, 245 So.2d 47.
*116 Empire filed a complaint seeking to enforce the provisions of a subcontract with Hunt and obtained a final judgment by default against Hunt on July 6, 1971. A writ of garnishment was issued on July 21, 1971, with the bank filing a timely answer to the writ on July 27, 1971. On the same date Hunt filed a motion to set aside judgment asserting, inter alia, that the final judgment was void by reason of Empire's failure to allege its standing as a legal entity; the motion further asserted that the final judgment improperly included an award of attorney's fees the same not having been authorized either by contract or statute. Also, on the same date Hunt and the Bank filed a joint motion to dissolve garnishment asserting, inter alia, that Empire did not exist as a Florida corporation authorized to do business in the state. On July 30 the trial court entered its order setting aside the final judgment against Hunt and dissolving the writ of garnishment.
The record in this cause reflects that at all times during the pendency of the proceedings below Empire was in a state of dissolution for failure to comply with the statutory requirements of Chapter 608, i.e., failure to file reports and pay capital stock taxes. According to the provisions of F.S. Section 608.35, F.S.A., any corporation failing to comply with the applicable provisions of Chapter 608 "shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all taxes due ... paid".
It is Empire's contention, in effect, that even though Section 608.35 would preclude the maintenance of the suit below, a judgment entered after default cannot be set aside by reason of the defective corporate status unless the vacating of such judgment is in accordance with F.R.C.P. 1.540, 31 F.S.A.[1]
The only reference in Hunt's and Bank's motions to any recognizable ground under Rule 1.540 is the allegation that the (default) "final judgment is void". There was no allegation before the trial court of any mistake, inadvertence, surprise or excusable neglect. See Rule 1.540, footnote 1. With regard to this latter contention, it is to be observed that relief may be granted upon a showing of the existence of a meritorious defense and a legal excuse for failing to comply with the rules; the absence of either of these elements will defeat an attempt to set aside a default. Winter Park Arms, Inc. v. Akerman, Fla. App. 1967, 199 So.2d 107. We have alluded to this principle for the reason that even if we glean from the defendant's motion a meritorious defense, i.e., lack of plaintiff's standing to maintain the suit, there is a noticeable absence of any allegation or inference of a "legal excuse for failure to comply with the rules".
We therefore must determine whether the setting aside of the default judgment was justified on the basis that the "final judgment was void", such judgment being void on the basis of the noncorporate status of plaintiff.
We recognize (and approve) the desirability of a determination made on the merits as opposed to a judgment based upon default; the tendency of the courts is in favor of granting motions to set aside defaults *117 and allow a trial on the merits. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla. App. 1964, 160 So.2d 733. In addition, we are not unaware of the necessity of demonstrating an abuse of a trial court's discretion to justify reversal of an order granting a motion to vacate.
Nonetheless, the application of these principles must be made dependent upon the particular facts and circumstances of the case. The only contention to support the order setting aside the default is the assertion that the final judgment is void by reason of the corporate status of Empire at the time of the commencement of the proceedings below and particularly at the time of the entry of the default judgment.
With regard to the contention that Empire's complaint failed to identify its status "as either a corporation or a fictitious name" we would call attention to F.R.C.P. 1.120(a), which dispenses with the necessity of alleging capacity of a party to sue "except to the extent required to show the jurisdiction of the court". The rule further provides that "when a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue ... he shall do so by specific negative averment ...". Defendant failed to answer the complaint and suffered a default judgment; the proper time to have raised the issue of Empire's status was prior to such judgment. In any event, the judgment is not rendered void by reason of an omission of an allegation of capacity in plaintiff's complaint.
With regard to defendant's contention that the default judgment is void because of plaintiff's delinquency under Chapter 608, Florida Statutes, F.S.A., we are of the view that such contention is without judicial support. Several early cases had occasion to construe provisions now substantially embraced in Section 608.35 and have held that judgments secured by delinquent corporations are voidable rather than void. In Diaz v. Parkland Estates, 1934, 114 Fla. 273, 154 So. 199, 200, the Supreme Court of Florida stated:
"Judgments rendered in favor of corporations whose right to maintain suits has been suspended by the force and effect of a default in compliance with chapter 14677 supra, are not absolutely null and void, nor is the charter of the corporation ipso facto forfeited thereby in the sense it becomes divested of its corporate existence, but the effect of the suspension of the right to sue at the time judgment was rendered, makes such judgment voidable in the same sense that a judgment rendered against a deceased natural person after his death is voidable, and upon the facts being called to the attention of the court rendering such judgment, it is the duty of the court to give effect to the statutory prohibition against maintenance of suit by arresting its judgment or withholding its execution thereon until the statute is fully complied with and the right to sue revived. Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147 So. 860." (Emphasis added.)
See also 1825 Collins Ave. Corp. v. Rudnick, Fla. 1953, 67 So.2d 424; cf. Irwin v. Gilson Realty Co., 1934, 117 Fla. 394, 158 So. 77.
We agree with the defendants that Section 608.35 imposes a duty on the courts to suspend a corporation's right to sue whenever it is called to the court's attention. Diaz v. Parkland, supra. For that reason appellee's motions were proper insofar as they called Empire's status to the attention of the court. However, we are of the view that the action taken by the court in setting aside the default judgment (and the garnishment) by reason of Empire's corporate status was inconsistent with the holding in Diaz and an abuse of discretion.
In order to give effect to the provisions of Section 608.35 the trial court was authorized to arrest the default judgment or withhold execution (garnishment) *118 thereon "until the statute is fully complied with and the right to sue revived". Diaz v. Parkland, supra. The court was not authorized under the circumstances of this case to vacate or set aside the default judgment. The appellees, having failed to plead or otherwise defend against the suit below, cannot after default have the judgment set aside except on the basis of those grounds set forth in Rule 1.540. In the absence of the applicability of Rule 1.540 the only relief available to a moving party under the circumstances where a corporation is delinquent in the filing of its reports and payment of taxes is to arrest judgment and stay any further action thereon "pending the corporation's compliance with the law". 1825 Collins Ave. Corp., supra.
The decision in Spector v. Hart, Fla.App. 1962, 139 So.2d 923, 927, sets forth the rationale of those statutes relating to delinquent corporations and the principles applicable to parties dealing with such corporations:
"The late Chief Justice Vanderbilt of the Supreme Court of New Jersey, in the case of J.B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L.R.2d 1214, said:
`The object of these statutes being solely the raising of revenue for the State (the police aspects of the situation being covered by separate statutory provisions hereinafter referred to) it would be inequitable to permit third persons, such as the defendants here, who had dealt with the corporation in the period when its charter had been forfeited to defend suits against them on this ground after the corporation had complied with R.S. 54:11-5, N.J.S.A., and it had been reinstated as a corporation and entitled to all its franchises and privileges. In good conscience the defendants, who are strangers to the dealings between plaintiff and the State, should not be allowed to take advantage of the plaintiff's default in paying its taxes to escape their own obligations to the plaintiff, when its default has been cured by its subsequent compliance with the statutory requirements.'"[2]
In this connection it should be pointed out that the record in this cause reflects that Empire's corporate status was fully restored on September 17, 1971, in accordance with F.S. § 608.37, F.S.A. According to said Section 608.37, as amplified in Spector v. Hart, supra, the "restoration shall be effective from the date of dissolution or cancellation of the term". The retroactive effect of such restoration lends further support for the proposition that a default judgment secured by a delinquent corporation is not void but merely voidable, remaining dormant until such time as the statutory requirements are met. If a (default) judgment were subject to being set aside on the basis of corporate delinquency, the language in Section 608.37 would either be meaningless or would have the effect of reinstating a vacated judgment. Neither of these alternatives are reasonable or desirable.
We therefore conclude that the order vacating the default judgment and setting aside the writ of garnishment is erroneous; such order may however be considered as having properly arrested judgment or withheld garnishment until such time as Empire had fully complied with the statutory requirements of Chapter 608. Furthermore, we hold that to the extent that the order below sets aside and vacates that portion of the final judgment allowing attorney's fees, in the absence of contract or statute, such determination is correct. Lang v. Lang, Fla.App. 1971, 252 So.2d 809.
*119 Accordingly, the order vacating and setting aside the default judgment and the writ of garnishment is reversed; the default judgment and writ of garnishment are reinstated except as hereinabove modified. This cause is remanded to the trial court for further proceedings not inconsistent herewith.
WALDEN and OWEN, JJ., concur.
NOTES
[1] Rule 1.540(b), F.R.C.P., provides:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application... ."
[2] It is to be noted from the record that the written subcontract which was the subject matter of the complaint below was executed by plaintiff and defendant on October 2, 1969, at a time when plaintiff's status was in a state of dissolution. In this connection F.S. § 608.50, F.S.A., may well be applicable.