320 So.2d 870 (1975)
Edna CLARK, Appellant,
v.
ROBERTO'S, INC., Appellee.
No. 74-1734.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
Rehearing Denied November 12, 1975.
*871 Walter A. Engdahl, Tylander, deClaire, Becker & Van Kleeck, Boca Raton, for appellant.
William F. Zamer, Zamer & Stege, Pompano Beach, for appellee.
DOWNEY, Judge.
Appellant sued appellee to rescind eleven enrollment agreements under which she paid appellee $99,895 for approximately 2800 hours of dancing lessons. (The complaint is strangely reminiscent of Vokes v. Arthur Murray, Inc., Fla.App. 1968, 212 So.2d 906, 28 A.L.R.3d 1405.) Service of process was had upon appellee's treasurer. When appellee failed to timely plead to the complaint the clerk entered a default against it. Several days later appellee filed a motion to dismiss for failure to state a cause of action and a motion for change of venue. Approximately two weeks thereafter the court held an ex parte hearing and entered final judgment for appellant in the amount of $71,571.10. Appellee then moved to vacate the default alleging as grounds that the service of process on appellee's treasurer was insufficient under § 48.081, F.S. 1973. The motion also alleged a misunderstanding regarding the date of service by the sheriff which caused the late filing of its defensive motions. After a hearing on the motion to vacate, the trial judge entered an order finding that the service of process was proper and that appellee's tardiness in pleading resulted from excusable neglect. The default and the final judgment were accordingly vacated and set aside. This interlocutory appeal is from that order.
It has long been the policy of the courts in this state to liberally set aside defaults for failure of a defendant to plead so as to allow a determination of the controversy on the merits when the defendant demonstrates that his neglect was excusable and that he has a meritorious defense. See, e.g., Florida Investment Enterprises, Inc., v. Kentucky Co., Fla.App. 1964, 160 So.2d 733. However, the absence of either of these elements will defeat an attempt to set aside a default. Chaney v. Headley, Fla. 1956, 90 So.2d 297; Winter Park Arms, Inc., v. Akerman, Fla.App. 1967, 199 So.2d 107; Empire Electric Co., v. R.J. Hunt Construction Co., Fla.App. 1972, 264 So.2d 114.
In this case appellee never made the first gesture toward demonstrating that it had a meritorious defense. Its motion to vacate does not allege any such defense. Moreover, at the hearing on the motion to vacate, the trial judge asked appellee's counsel about the necessity of showing a meritorious defense, but counsel still failed to show, either orally or by subsequent pleading, that appellee had such a defense.
Under the circumstances recounted above, the trial judge abused his discretion in vacating the default judgment. Accordingly, *872 the order appealed from is reversed and the cause is remanded with directions to reinstate the default judgment of August 2, 1974.
Reversed.
CROSS and OWEN, JJ., concur.