HAVERFIELD, Judge.
Plaintiff, Mable Fryer, takes this interlocutory appeal to review an order granting defendant insurer’s motion to set aside default judgment.
Plaintiff on November 25, 1975 filed suit against Industrial Fire and Casualty Insurance Company seeking payment of personal injury protection benefits and arbitration. Thereafter, counsel for both parties engaged in telephone conversations and exchanged letters with respect to this lawsuit. By letter dated December 31 defendant’s counsel informed opposing counsel that he intended to file an answer and had appointed an arbitrator. No responsive pleadings were filed and on January 10, 1976 plaintiff’s counsel moved for a default which was granted on January 12. A default judgment for plaintiff was entered on February 11 and defendant upon receiving a copy of the judgment moved on March 3 to vacate. Attached to this motion was an answer alleging a meritorious defense and an affidavit of defense counsel stating that after he sent his letter of December 31, 1975 informing plaintiff’s counsel that he intended to file an answer with respect to the issue of payment of the PIP benefits and hold the arbitration count in abeyance, through mistake and inadvertence, it was his understanding that plaintiff’s attorney would either call or write to confirm the status of the case. After hearing argument, the trial judge entered the order vacating the default judgment on the grounds that there was correspondence between the attorneys and no notice was given to defense counsel at the time of plaintiff’s motion for default and default judgment. We affirm.
The well established policy of the courts is to liberally set aside defaults for failure of a defendant to file a responsive pleading so as to allow a determination of the controversy on the merits when the *287 defendant demonstrates that his neglect was excusable and that he has a meritorious defense. Clark v. Roberto’s, Inc., 320 So.2d 870 (Fla. 4th DCA 1975). We find the answer alleged a meritorious defense, thus our concern is directed to the issue of excusable neglect.
The precise circumstances constituting excusable neglect, mistake or inadvertence is not well defined but depends upon all the factors in the case. Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964). The record shows that (1) although the attorneys for the parties were in contact with each other, the trial judge was not so advised at the time of entry of the default judgment; (2) despite the fact that the attorneys’ offices were a short distance apart, plaintiff’s counsel did not notify defense counsel of his application for default;[1] (3) defendant moved to vacate default within three weeks of entry of the default judgment; (4) there was a genuine misunderstanding on the part of defense counsel with respect to confirmation by plaintiff’s counsel of the status of the case following the letter of December 31; (5) there was no adjudication of the issues on the merits. Inadvertence or mistake cannot be held as a matter of law sufficient to excuse compliance; it may be in some instances but not in others. It is the duty of the trial court and not the appellate courts to make that determination. Farish v. Lum’s, Inc., 267 So.2d 325 (Fla.1972). Under the facts in the cause before us, we cannot say the trial judge abused his discretion in setting aside the default judgment. See Florida Investment Enterprises, Inc., supra and Butler v. Alessi, 210 So.2d 461 (Fla.3d DCA 1968).
Affirmed.

. Although we note the rules do not require such notification.