## EMBASSY CONDOMINIUM APARTMENTS ASSOCIATION, Inc. v. URBANO.

No. 78-300.

Circuit Court, Broward County.

November 28, 1978.

Jay C. Salyer, Jr., Pompano Beach, for the petitioner.

Robert L. King, Fort Lauderdale, for the respondent.

STEPHEN R. BOOHER, Circuit Judge.

*Order granting rehearing and denying motion to set aside default:*
This cause coming on to be heard on the 13th day of July, 1978, on the respondent's petition for rehearing and defendant's motion to set aside default; and the court having heard argument of counsel, having reviewed the record and the applicable law, and having been otherwise fully advised in the premises, makes the following findings of fact —

(1) Default was entered against the respondent on February 28, 1978.

(2) Default judgment was entered against the respondent on June 23, 1978.

(3) Defendant's motion to set aside default was filed on May 25, 1978, but was not set down until at least July 7, 1978, for a hearing on July 13, 1978.

(4) Respondent's petition for rehearing was mailed on July 3, 1978, but was not set down until at least July 7, 1978, for a hearing on July 13, 1978.

Accordingly, it is ordered and adjudged as follows —

I. Respondent's petition for rehearing is hereby granted.

The petition for rehearing has been granted even though it can be argued that it was not timely filed in accordance with Rule 1.530 of the Florida Rules of Civil Procedure. It affirmatively appears from the record that judgment was entered on the 23rd of June and the petition was not mailed until the 3rd of July. Whether or not this procedure constitutes being "served not later than 10 days after . . . entry of judgment" is not decided here. Rather, it is mentioned in passing, the court preferring instead to act in accord with the more liberal intent of Rule 1.530 and rehear the motion to set aside default.

II. Respondent's pleading styled defendant's motion to set aside default is, on rehearing, denied.

The motion to set aside default is denied on the basis that it is clearly insufficient as a matter of law on its face and was, therefore, treated by the court as a nullity. Moreover, this motion had merely been filed prior to rendition of judgment and had not been set for hearing. Such a fact pattern poses the issue —

> Whether a trial judge may render a default judgment without hearing a motion to set aside default that is clearly insufficient on its face as a matter of law?

The rules provide no ready answer to this question; however, an investigation of the pertinent authorities fill in this gap with some degree of certainty.

The Florida cases on this point rather uniformly require a motion to set aside default to allege more than a simple modicum of conclusions. The threshold requirement has historically been that sufficient facts be pled to support allegations of excusable neglect and meritorious defense. The case of *Metcalf v. Langston*, 296 So.2d 81 (Fla. 1st DCA 1974), offers a rather thorough summary of the Florida cases on point. See also *Empire Electric Co. v. R. J. Hunt Construction Co.*, 264 So.2d 114 (Fla. 4th DCA 1972). The most recent authority is *Dade County v. Lambert*, 334 So.2d 844 (Fla. 3d DCA 1976), in which the court declared at page 847 —

> "In order to vacate a default there must be a *showing* of a meritorious defense and excusable neglect. The appellant's motion . . . contained a mere allegation of a meritorious defense and excusable neglect. . . . This is insufficient basis upon which to vacate the default." (emphasis supplied)

It is apparent that a motion to set aside a default, being the extraordinary petition that it is, must clearly meet these criteria.

In the present case the motion was devoid of any facts showing excusable neglect or meritorious defense. In fact there are only the bare conclusory allegations of excusable neglect and meritorious defense to bolster the motion. Respondent's pleading fails on its face to meet its own requirement, and it is, therefore, a nullity.

In addition, and beyond the fatally defective nature of the pleading itself, the motion was not filed until at least the 25th of May, 1978. From the file it appears that respondent was aware of these proceedings and, at the outside, was noticed on the 9th of May, 1978, of the motion for default judgment.

The default had been on record since February 28, 1978, and, whether or not the respondent ever actually received a copy of the default from the opposing counsel, he had the obligation to follow the progress of his case. Nonetheless, almost three months passed between the filing of the default and the respondent's motion to set aside default.

It is doubtful that the defendant's motion to set aside default was timely filed. In similar circumstances the Fourth District most recently stated —

> ". . . swift action must be taken upon first receiving knowledge of any default. Further delay in excess of the time reasonably necessary to prepare and file a notice to vacate should prove fatal, absent some exceptional circumstance." *Westinghouse Credit Corporation v. Steven Lake Masonry, Inc.*, 356 So.2d 1329, 1330 (Fla. 4th DCA 1978).

In the present case it would not seem that action of the requisite swiftness was taken, nor were any exceptional circumstances to justify the delay made to appear.

Beyond even the defective pleading and the unjustified delay in filing, this order is bottomed on another consideration. No hearing had been set prior to rendition of the final judgment. No hearing had been set even though defendant's motion to set aside default had been mailed on the 25th of May, 1978. No hearing had been set even though the court waited until the 23rd of June, 1978, before signing the final judgment. "Swift action" does not consist of interposing a motion to set aside a default without setting it down for hearing. It should not be the burden of opposing counsel or the court to call up a clearly inadequate motion for hearing.